11 ARMSTRONG, .Judge.
This is an appeal from a judgment for the plaintiff in a worker’s compensation case. Plaintiff, George King, Jr., suffered an on-the-job injury. He was employed by Nathan Lerrielle who was a subcontractor to Gulf Coast Construction Company, Inc. at the time. Plaintiff made a claim against Gulf Coast and its insurer. (No issue is raised on appeal as to the claim being made against Gulf Coast and its insurer rather than against the subcontractor.) The claim was tried before a hearing officer of the Office of Worker’s Compensation Administration.
The hearing officer found plaintiff to be permanently totally disabled and found plaintiff’s wages to have been $280.00 per week. Based on the finding that plaintiffs wages were $280.00 per week, the hearing officer determined that compensation benefits of $186.48 were due. The hearing officer also awarded 12% interest on past-due compensation benefits.
| aAppellants, Gulf Coast and its insurer, raise two issues on appeal. First, whether the hearing officer erred in finding plaintiffs wages to have been $280.00 per week. Second, whether the hearing officer erred by setting the interest rate at 12% for interest on past-due compensation. Plaintiff cross-appeals solely to seek attorney’s fees for defending the present appeal.
We find no reversible error in the hearing officer’s finding that plaintiffs wages had been $280.00 per week. We find that the hearing officer erred in settling the interest rate at 12% for interest on past-due compensation. As to the cross-appeal, we do not find it appropriate to award attorney’s fees to the plaintiff for defending this appeal.
There was conflicting and confusing testimony as to the number of hours per week that plaintiff worked and as to the hourly wage earned by the plaintiff. There were no payroll records, check stubs, tax records or other records available for trial as to plaintiffs hours worked or hourly wage earned. The plaintiff himself is mentally retarded and suffers from epilepsy, organic brain syndrome and depression. His employer’s recollection of the time period at issue was not detailed.
The plaintiff was injured on December 6, 1989. There was evidence that, prior to November 1989, plaintiff had earned as little as $101.25 to $160.00 per week. Gulf Coast and its insurer argue that plaintiff could not possibly have earned $280.00 per week in November, 1989.
However, there was testimony by plaintiffs employer and plaintiffs mother (who knew when he left for and returned from work) that, during November, 1989, plaintiff was working very long days Monday through Friday and most of the day on Saturday. This testimony would support a finding that plaintiff worked 66 hours or more per week during November, 1989.
*500 At one point, the employer testified that he paid plaintiff as little as $5.00 per hour but, later, he testified that he paid plaintiff $7.00 per hour. Also, he testified that he paid plaintiff overtime.
Based upon all this testimony, the hearing officer found that plaintiff worked 40 hours per week at $7.00 per hour for a weekly wage of $280.00. Thus, while selecting the higher |3pf the two wage rates testified to by the employer, the hearing officer was quite conservative in his finding as to the number of hours worked. In any case, this finding of fact may not be overturned on appeal unless it is clearly wrong or manifestly erroneous. E.G., Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880, 882 (La.1993). In order to find plaintiffs earnings, the hearing officer had to sift through and weigh various confusing and even conflicting testimony. That is precisely the function of the finder of fact. Based upon the record as a whole, we cannot say that the hearing officer was manifestly erroneous or clearly wrong in making his finding as to plaintiffs earnings.
The judgment below states that 12% interest is awarded on past-due compensation. Gulf Coast and its insurer do not appeal the award of interest per se but argue that 12% is not the correct rate of interest. We agree. Judicial interest is due on past-due compensation. La.R.S. 23:1201.3; Brazley v. Burger King/CIGNA, 613 So.2d 739 (La.App. 4th Cir.), writ denied, 615 So.2d 339 (La.1993). The rate of judicial interest is set annually based upon a statutory formula. La.Civ.Code art. 2924 B (3)(a). For 1993-94, that rate was 7%. We will modify the judgment to change the interest rate to 7%.
Plaintiff requests that we award him attorney’s fees, pursuant to La.Code Civ. Proc. art. 2164, for defending this appeal. We “may award damages for frivolous appeal.” La.Code.Civ.Proc. art. 2164. However, while the plaintiff largely prevailed, we do not regard this appeal as a whole as frivolous. Indeed, the appellants prevailed on the interest rate issue. Accordingly, we decline to award attorney’s fees to plaintiff.
For the foregoing reasons, the judgment below is affirmed in part but is modified to change the interest rate for the interest awarded to 7%.
AFFIRMED IN PART; MODIFIED.