| JAMES, J.
This appeal arises from the denial of plaintiffs claim for workers’ compensation benefits.
FACTS AND PROCEDURAL HISTORY
Plaintiff, James Franklin, Jr., alleges that he injured his right shoulder, left wrist, low back and both knees on August 3, 1997. Plaintiff claims that he slipped and fell as he pulled a heavy industrial-type water hose up a steel catwalk to wash machinery during the course of his employment for defendant, Georgia-Pacific Port Hudson Division (Georgia-Pacific). Plaintiff continued to work despite alleged increasing pain. The alleged incident was not witnessed, and plaintiff did not make a formal report of the incident and injury to a supervisor until August 19, 1997. On November 12, 1997, plaintiff, left his work shift and did not return to work at Georgia-Pacific.
Plaintiff filed a disputed claim for workers’ compensation benefits. After a trial, the workers’ compensation judge (WCJ)[3] rendered judgment in favor of Georgia-Pacific. The WCJ found that plaintiff had failed to prove by a preponderance of the evidence that he had suffered a work-related accident, because his testimony to that effect was insufficiently corroborated by other evidence. The WCJ specifically noted that the medical evidence and co-workers’ testimony did not corroborate plaintiffs version of the alleged incident and injuries and there was not enough credible evidence that an accident had occurred. Plaintiff now appeals the WCJ’s judgment.[4]
[oLAW AND ANALYSIS
An employee seeking workers’ compensation benefits must establish by a *594 preponderance of the evidence that he has suffered an injury as a result of an accident arising out of and in the course of his employment. A worker’s testimony alone may establish a work-related accident if (1) no other evidence casts serious doubt on his version of the incident and (2) his testimony is corroborated by the circumstances following the alleged incident. Corroboration may be provided by coworkers, spouses, friends, or medical evidence. See La. R.S. 23:1031; Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992).
In determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a worker’s testimony is accorded great weight. Bruno, 593 So.2d at 361. The WCJ’s determinations regarding the worker’s credibility and whether the worker has discharged his burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno, 593 So.2d at 361; Haws v. Professional Sewer Rehabilitation, Inc., 98-2846, p. 6 (La.App. 1st Cir.2/18/00), 763 So.2d 683, 688.
In applying the manifest error standard of review, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of 14fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556.
It was established at trial that plaintiff had a history of knee, shoulder, wrist and back pain and that he had sought continuous medical treatment, both before and after the alleged incident, for all of those ailments. In deposition testimony admitted at trial, plaintiff denied that the preexisting injuries were causing him problems at the time of the alleged incident. However, at trial plaintiff acknowledged that he had been treated for wrist and shoulder pain in the month prior to the alleged incident. Plaintiff also had a doctor visit for treatment of ongoing knee problems one day after he formally reported the alleged incident to his supervisor, but the medical records for that date do not mention a work-related accident.
None of the medical evidence in the record corroborated plaintiffs allegations of a work-related accident except a post-incident note from Dr. Joe A. Morgan on August 27, 1998, about a job injury which had occurred one year earlier. However, all other office visits and reports from Dr. Morgan only refer to injuries due to a slip and fall in 1996 and an automobile accident in February 1997. Therefore, Dr. Morgan’s notes are inconsistent as to the cause of plaintiffs various ailments. Likewise, in a supplemental letter issued by Dr. Warren Williams on January 14, 2000, Dr. Williams stated that plaintiff was treated by him on August 3, 1997, for a job-related slip and fall injury and that plaintiff had not worked since August 3, 1997.[5] However, plaintiff testified that he did not visit *595 any doctor on the date of the alleged incident and he did not see Dr. Williams until October 1997 on the referral of Dr. Henry Dixon for continuing back pain due to a February 1997 car accident. Furthermore, plaintiff testified that he quit working on November 12, |K1997, after becoming ill at work. Reviewing the medical testimony in its entirety, we conclude that the WCJ reasonably discounted the two references in the medical records as being inconsistent with plaintiffs testimony and therefore neither credible nor corroborating evidence.
The WCJ also found that the co-workers who testified at trial basically reported what plaintiff had told them about the alleged incident. However, both of the coworkers’ versions of the incident were different from plaintiffs version. Plaintiff testified that he slipped and fell on a catwalk as he pulled on a heavy water hose. Plaintiff stated that he injured his knees, left wrist, right shoulder and lower back. One co-worker testified that plaintiff told him that he hurt his back or shoulder when he was pulling a big water hose up a flight of stairs and he hurt his wrist when he fell out of a chair in the control room. Another co-worker testified that plaintiff told him about an accident when he was pulling a heavy hose that had been rolled up the wrong way, and he fell and hurt his back and shoulder. Neither co-worker actually witnessed the alleged accident. Neither could recall the exact day that plaintiff mentioned the alleged incident.
Plaintiffs supervisors testified that plaintiff had reported several on-the-job accidents in his 29-year work history at Georgia-Pacific. However, plaintiff did not report the alleged incident on August 3, 1997, until approximately two weeks later.[6] Plaintiff told the safety investigator that he hurt his shoulder while pulling on a water hose that had been incorrectly rolled up, but he did not mention falling or causing any injury to his back, wrist or knees. After reviewing all of the testimony, we conclude that the WCJ reasonably concluded that plaintiff was not a credible witness. The other witnesses’ testimony cast serious doubt on plaintiffs | fiversion of the incident and suspicion on the reliability of his testimony. Therefore, we find no manifest error in the WCJ’s finding that plaintiff failed to sufficiently prove by a preponderance of the evidence that a work-related accident occurred.
CONCLUSION
Conflicting evidence was presented in this case on the issue of whether a work-related accident occurred. The WCJ resolved this conflict in favor of the defendant, Georgia-Pacific. Our review of the record convinces us that the WCJ was not clearly wrong in concluding that there was insufficient evidence of a work-related accident. Thus, we affirm the judgment of the trial court. Plaintiff, James Franklin, Jr., is to pay all costs of these proceedings.
AFFIRMED.

. The WCJ was the Honorable Anthony P. Palermo of the Office of Workers’ Compensation Administration, District 5. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers’ compensation district from which the appeal was taken and the name of the workers' compensation judge who rendered the judgment.

. Plaintiff also requested statutory penalties and attorney’s fees; however, because that issue was not assigned as error nor briefed, we deem it to have been abandoned. See Rules 1-3 and 2-12.4, Uniform Rules — Courts of Appeal.

. The letter was apparently issued in connection with plaintiff's application for disability *595 insurance benefits through the Social Security Administration, as it was addressed to Provident Life and Accident Insurance Company.

. There was testimony regarding the late reporting of the incident and plaintiff's subsequent reprimand by his supervisors. However, the fact that a claimant does not report an accident immediately, or realize or diagnose the full extent of his injury immediately after an accident, should not bar the claimant from recovery. See Middleton v. International Maintenance, 95-0238, p. 6 (La.App. 1st Cir. 10/6/95), 671 So.2d 420, 424, writ denied, 95-2682 (La. 1/12/96), 667 So.2d 523.