CARTER, C. J.
Plaintiff, Marlin R. Prestwood, appeals the dismissal of his claim for workers’ compensation benefits. We affirm.
BACKGROUND
At the time of his alleged injury, plaintiff was a 67-year-old equipment operator for the City of Slidell (employer). He alleges that he suffered an injury to his left hip and leg on Friday, July 27, 2001, while operating a backhoe machine for his employer. Plaintiff claims that he was having difficulty turning the seat on the backhoe machine. As he pulled on the seat to loosen it, the seat suddenly swung around and threw his left side into the dashboard of the backhoe. Plaintiff alleges that he felt an immediate “little” pain in his left hip and a sharp pain in his left leg, but the pain lasted only a few minutes. Plaintiff went home without reporting the unwitnessed incident to his employer, coworkers, or anyone else because he felt that the injury was a minor muscle pull. He had absolutely no pain the rest of that day or the next day, Saturday, July 28. However, on Sunday, July 29, plaintiff experienced a recurrence of left hip and leg pain while walking at a flea market with his wife. The pain was so severe that he returned home to soak in a hot bath, after which the pain resolved.
On Monday morning, July 30, plaintiff was pain-free when he returned to work. While working on a pothole job that afternoon, plaintiff claims he developed severe left hip and leg pain after using a shovel to remove asphalt from the back of a dump truck. Before leaving work that day, plaintiff did not tell his employer or anyone about any work-related accident, although he did tell a co-worker at the pothole job that his left leg was hurting. Plaintiffs pain was allegedly so severe that he could not sleep Monday night. The pain continued into Tuesday morning, July 31, when plaintiff called his employer to simply say that he would not be at work that day because his leg hurt. Plaintiff still did not inform his employer about the backhoe incident, the dump truck incident, or that he had sustained a work-related injury. He saw his family physician, Dr. Christopher Bryan Miller, that same day. Plaintiff admits that he did not inform Dr. Miller |sthat his injury was work-related, but he alleges that he did tell Dr. Miller that he had been operating a backhoe machine at work. Dr. Miller x-rayed plain *556 tiffs back and gave him a prescription for pain medication.
On August 1, plaintiff filed an accident report with his employer describing the initial backhoe incident. That same day, the employer sent plaintiff to a physician, Dr. Mohameed Naeem, to whom plaintiff described the backhoe incident. On August 6, Dr. Naeem told plaintiff he could return to work with activity restrictions and referred him to an orthopedist, Dr. Brian L. Fong. On August 20, plaintiff detailed the backhoe incident and his pain for Dr. Fong, who diagnosed degenerative changes in plaintiffs cervical spine, ordered an MRI, prescribed pain medication, and told plaintiff he could return to light-duty work. Plaintiff contends that he never returned to work for his employer because he was in too much pain and his employer allegedly had no light-duty work for him. Plaintiff was eventually terminated.
Plaintiff filed a disputed claim for compensation on September 11, 2001, alleging that he had reported a work-related accident and injury from the backhoe incident, that no wage benefits had been paid, and that medical treatment had not been authorized. After a trial on April 18, 2002, the workers’ compensation judge (WCJ) rendered judgment in favor of the employer, dismissing plaintiffs claim for benefits. The WCJ found that plaintiff failed to prove by a preponderance of the evidence that a work-related accident had occurred. Plaintiff appeals, raising two assignments of error: (1) the WCJ abused its discretion in refusing to allow the testimony of plaintiffs co-workers, and (2) the WCJ erred in finding that plaintiff had failed to meet his burden of proof.
LAW AND ANALYSIS
In plaintiffs first assignment of error, he contends the WCJ abused its discretion in disallowing the testimony of coworkers who were not disclosed on his pretrial statement. Plaintiffs pretrial statement specifically named two fact witnesses, Eddie Gines and George Williams, and generally named “[a]ny and all coworker(s) and/or supervisor(s) of the claimant.” On the day of trial, the employer moved to disallow the testimony of several witnesses that were not specifically Usted on the pretrial statement, but were present to testify on Lplaintiffs behalf. The WCJ ruled that since the witnesses were not named on the pretrial statement, they would not be aUowed to testify, citing Hearing Rule 6003. See La. Admin. Code, Title 40, Part I, Section 6003.[2]
We do not find that the WCJ abused its discretion in disposing of this procedural issue. The jurisprudence provides that an orderly disposition of each case and the avoidance of surprise and delay are inherent in the theory of pretrial procedure, and are sufficient reasons for allowing the trial court to require adherence to the pretrial order. See Highlands Underwriters Insurance Company v. Foley, 96-1018, p. 5 (La.App. 1 Cir. 3/27/97), *557 691 So.2d 1336, 1339. The trial court has discretion in conducting a trial, including the admissibility of a witness’s testimony, whether that witness is brought in rebuttal or one that was not listed on the pretrial order. See LSA-C.C.P. arts. 1651 and 1632; see also Tracy v. Jefferson Parish Through Dept of Public Works, 523 So.2d 266, 274 (La.App. 5 Cir.), writ denied, 530 So.2d 569 (La.1988). The Hearing Rules for workers’ compensation cases require each party to list the witnesses he intends to call at trial. Plaintiff had ample time to amend his pretrial statement to specifically name his co-workers as potential witnesses before the day of his trial.[3] Under the circumstances presented in this case, we find no abuse of discretion in the WCJ’s refusal to allow plaintiffs unnamed witnesses to testify at trial. Plaintiffs first assignment of error is without merit.
In plaintiffs second assignment of error, he contends that the WCJ manifestly erred in finding that he had failed to prove by a preponderance of the evidence that a work-related accident had occurred. To recover workers’ 1,^compensation benefits, an employee must prove that he sustained an accidental personal injury arising out of and in the course and scope of his employment, and that the injury necessitated medical treatment or rendered the employee disabled, or both. See LSA-R.S. 23:1021; Haws v. Professional Sewer Rehabilitation, Inc., 98-2846, p. 5 (La.App. 1 Cir. 2/18/00), 763 So.2d 683, 688. An employee’s testimony alone may establish a work-related accident if (1) no other evidence casts serious doubt on his version of the incident and (2) his testimony is corroborated by the circumstances following the alleged incident. Corroboration may be provided by co-workers, spouses, friends, or medical evidence. Franklin v. Georgia-Pacific Port Hudson Div., 2001-1854, p. 3 (La.App. 1 Cir. 9/27/02), 835 So.2d 592, 593-594.
In determining whether an employee has shown by a preponderance of the evidence that an injury-causing accident occurred, the WCJ is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, an employee’s testimony is accorded great weight. Id. The WCJ’s determinations regarding the employee’s credibility and whether the employee has discharged his burden of proof are factual determinations not to be disturbed on review unless clearly wrong. Id.; Haws, 763 So.2d at 688.
In applying the manifest error standard of review, an appellate court must determine not whether the WCJ was right or wrong, but whether the WCJ’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Thus, if the WCJ’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556.
In the instant case, the two-fold standard for accepting plaintiffs testimony alone to establish that a work-related acci *558 dent occurred has not been satisfied. The record reveals that on three occasions during the two-and-a-half years that | ^plaintiff worked for the employer, he immediately reported work-related accidents and minor injuries and received immediate medical treatment.[4] However, after the alleged backhoe incident, plaintiff did not immediately report any accident or injury to his employer, nor did he seek immediate medical treatment. The fact that plaintiff did not notify his employer that he suffered an accident until several days after the date of the alleged injury does not necessarily prohibit a finding that an accident occurred, but it does cast doubt on plaintiffs credibility because of his past history of immediately reporting work-related accidents and injuries. See Stein Mart v. Prejean, 2001-718, p. 4 (La.App. 3 Cir. 10/31/01), 798 So.2d 1230, 1233; see also Haws, 763 So.2d at 688.
The record further reveals that the testimony of plaintiffs two co-workers and the medical evidence cast serious doubt on plaintiffs version of the alleged accident. Edward A. Gines testified on plaintiffs behalf, but he did not actually witness the backhoe incident. He testified that he had personally experienced problems with turning the seat on the backhoe machine, and he assisted the plaintiff in turning the seat on Friday, July 27. Mr. Gines did not witness plaintiff being swung around or thrown into the dashboard of the backhoe, and plaintiff did not tell Mr. Gines that he was injured. Interestingly, Mr. Gines testified that he could tell plaintiff was in pain when he left work that day. That testimony directly contradicted plaintiffs testimony that his pain lasted only for a few minutes after the backhoe incident.
Plaintiffs other co-worker, George Williams, testified that he worked with plaintiff on the Monday, July 30 pothole job. However, Mr. Williams testified that he had no knowledge of any accident or injury to plaintiff. He stated that plaintiff told him that his leg was hurt, and he witnessed plaintiff sitting in the dump truck toward the end of their work shift. Mr. Williams’s testimony also contradicted plaintiffs testimony when he stated that plaintiff drove the dump truck for the |7pothole job and he did not remember the plaintiff shoveling asphalt that day. Mr. Williams had no knowledge of the alleged backhoe incident.
The medical evidence casts further doubt on plaintiffs credibility because plaintiff did not inform his family physician that he was injured in a work-related accident. In Dr. Miller’s deposition, he testified that plaintiff usually gave specific details when he sought medical treatment, but on this visit plaintiff did not reveal any cause of his injury. Furthermore, Dr. Miller stated that if plaintiff had told him that the injury was work-related, he would have made a note of it as well as filled out a workers’ compensation form, because he codes and bills work-related treatments differently from other treatments. Dr. Miller’s medical records specifically reveal “no trauma” connected with plaintiff’s complaints of pain.
After reviewing all of the testimony and evidence, we conclude that the WCJ could have reasonably found that plaintiff was not entitled to benefits for a compensable *559 accident. The other witnesses’ testimony cast serious doubt on plaintiffs version of the incident and suspicion on the reliability of his testimony. Therefore, we find no manifest error in the WCJ’s conclusion that plaintiff faded to sufficiently prove by a preponderance of the evidence that a work-related accident occurred. The evidence presented reasonably supports that conclusion. Plaintiffs second assignment of error is without merit.
CONCLUSION
Conflicting and uncorroborated evidence was presented in this case on the issue of whether a work-related accident occurred. The WCJ resolved this conflict in favor of the employer, The City of Slidell. Our review of the record convinces us that the WCJ was not clearly wrong in concluding that there was insufficient evidence of a work-related accident. Thus, we affirm the judgment of the WCJ. Plaintiff, Marlin R. Prestwood, is to pay all costs of this appeal.
AFFIRMED.

. Louisiana Administrative Code, Title 40, Part I, Section 6003(B)(5), promulgated in accordance with LSA-R.S. 23:1310.1, provides in pertinent part:
B. Each pretrial statement ... shall set forth:
[[Image here]]
5. a list of witnesses each party may call and a short statement as to the nature but not to the content of their testimony, and whether their testimony will be offered live or by deposition. Except for the witnesses listed, no other witnesses may be called to testify except for good cause shown. This requirement shall not apply to impeachment and rebuttal witnesses!!.]
(Emphasis added.)

. Plaintiff's pretrial statement was filed on December 3, 2001, and the trial date was April 18, 2002.

. On August 23, 1999, plaintiff immediately reported and was medically treated for heat exhaustion suffered on the job. On September 15, 1999, plaintiff twisted his ankle getting off the back of a truck; he immediately reported the injury and received medical treatment that day. On February 2, 2001, plaintiff sustained a pulled abdomen muscle while lifting a drain cover; he immediately reported the injury and received medical treatment.