FOIL, J.
In this workers’ compensation case, the employer and employee both appeal. The employer, Barber Brothers Contracting Company, LLC, challenges the workers’ compensation judge’s determinations that: (1) John Morgan, the employee, sustained a work-related accident; (2) Mr. Morgan was temporarily, totally disabled; and (3) Barber Brothers continues to be liable for medical treatment and rehabilitation associated with Mr. Morgan’s injury. In his appeal, Mr. Morgan contends the workers’ compensation judge erred in reducing his weekly indemnity benefits and in failing to order Barber Brothers to pay all court costs. He also seeks an award of attorney fees for legal services provided on appeal.
DISCUSSION
Whether an employee has established a work-related accident, whether he is entitled to temporary total disability benefits, as well as the duration of his disability, are factual determinations subject to the manifest error or clearly wrong standard of appellate review. Franklin v. Georgia-Pacific Port Hudson Division, 01-1864 (La.App. 1 Cir. 9/27/02), 835 So.2d 592, 594; Collins v. Family Dollar Stores, *565 Inc., 99-0622 (La.App. 1 Cir. 5/12/00), 760 So.2d 1210, 1214, writs denied, 00-2356, 00-2363 (La.11/13/00), 773 So.2d 727; Williams v. Wal-Mart Stores, Inc., 00-0863 (La.App. 4 Cir. 5/16/01), 787 So.2d 1134, 1137. A workers’ compensation judge’s finding that an employee has refused to accept necessary rehabilitation, warranting a reduction in benefits under La. R.S. 23:1226(E), is also a factual determination. Ricaud v. Holloway Sportswear, Inc., 98-1422 (La.App. 3 Cir. 5/26/99), 741 So.2d 124, 129, writs denied, 99-1822, 99-1882 (La.10/1/99), 748 So.2d 454, 455. Thus, based on this applicable standard of review, and after a thorough review of the record, we find no manifest error in the workers’ compensation judge’s determination regarding these issues. We adopt his reasons for judgment as our own and attach a copy to this opinion.
3 Regarding the allocation of court costs, La. R.S. 23:1317(B) provides the allocation of such lies within the workers’ compensation judge’s discretion and can be reversed only upon a showing of an abuse of that discretion. Boleware v. City of Bogalusa, 01-1014 (La.App. 1 Cir. 12/20/02), 837 So.2d 71, 75; Washington v. Lyons Specialty Company, 96-0263 (La.App. 1 Cir. 11/8/96), 683 So.2d 367, 381, writ denied, 96-2944 (La.1/31/97), 687 So.2d 408. In this ease, the workers’ compensation judge ordered that each party be responsible for his respective costs. Given that neither party prevailed fully on the merits, we find no abuse of the workers’ compensation judge’s discretion in the assessment of costs.
Finally, Mr. Morgan requests that we award him attorney fees for defending this appeal. Although we may award damages for frivolous appeal under La. C.C.P. art. 2164, we find Barber Brother’s appeal was not frivolous. Accordingly, we decline to award attorney fees to Mr. Morgan. See King v. Gulf Coast Construction, Inc., 94-1019 (La.App. 4 Cir. 12/28/94), 648 So.2d 498, 500.
CONCLUSION
For the foregoing reasons, the workers’ compensation judgment is AFFIRMED. Costs of this appeal are to be borne equally by Mr. Morgan and Barber Brothers.
AFFIRMED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
| ATTACHMENT
OFFICE OF WORKERS’ COMPENSATION
STATE OF LOUISIANA
JOHN E. MORGAN
VERSUS
BARBER BROTHERS CONTRACTING
NO. 00-06699
REPORTED BY: Marsha M. Donnelly, CCR.
[[Image here]]
REASONS FOR JUDGMENT taken before the Honorable Robert W. Varnado, Jr., Judge Presiding, District 6, Office of Workers’ Compensation, State of Louisiana, in Covington, Louisiana.
I ^REASONS FOR JUDGMENT
BY THE COURT:
Having weighed the evidence and observed the witnesses upon examination, the Court finds Morgan has proven by a preponderance of evidence that he suffered an injury by accident arising out of *566 and in the course of his employment with Barber Brothers Contracting. Revised Statute 23:1021(1).
The Plaintiff continues to be temporarily totally disabled, and the Defendant continues to be responsible for Morgan’s reasonable and necessary medical care and rehabilitation.
The totality of evidence illustrates Morgan has failed to give an acceptable level of effort toward his own rehabilitation and re-entry into the work force. The testimony of Susan Davidson weighed heavy in this regard and as well as the testimony of the owner of the computer school Ms. Ruth Cook.
The record reflects numerous attempts by that of the Defendant to provide rehabilitation in an effort to maximize the possibility of returning Morgan to the work force. With the assistance of Susan Davidson, Barber Brothers initiated vocational testing. They also set up Morgan to take the DOTD test for specialized certification. Morgan did not pass his initial attempt, but thereafter refused individual tutoring and to retake the portions previously failed. Noteworthy, at trial Morgan testified he took the test three times.
Additionally, Morgan failed to complete a vocational resume. Due to Morgan’s interest in computers, Barber Brothers enrolled Morgan at Cook’s | ¡¡computer school in Hammond. Every attempt to accommodate him was made. An occupational therapist was retained to work with Morgan and to make suggestions for implementation and modification of his work station. This included a private area with specialized equipment. Nevertheless, Morgan’s participation dropped off.
Other efforts by the employer included offers of sedentary and modified light-duty positions. Morgan’s motivation and desire to return to the work force is low. Consequently, given the totality of evidence, the Court finds Morgan’s weekly indemnity benefits are reduced as of the date of signing judgment pursuant to Louisiana Revised Statute 23:1226(E) for failure to cooperate with vocational rehabilitation efforts but also to provide needed incentive.