_l¿FOIL, J.
In this workers’ compensation case, an employer challenges an award of benefits, penalties and attorney fees to the claimant. We affirm.
BACKGROUND
Windy Hartman was hired by Wal-Mart as a temporary employee in March of 2001 to work on a remodeling job. Ms. Hartman made a claim for workers’ compensation benefits, alleging that in April of 2001, *52 she was injured during the course and scope of her employment while moving shelves when one shelf fell on her right knee. Wal-Mart refused to pay the claim, denying the occurrence of a work accident.
On January 2, 2002, Ms. Hartman filed this disputed claim for compensation benefits in the Office of Workers’ Compensation. A trial was held, and the workers’ compensation judge (WCJ) rendered judgment in favor of Ms. Hartman, finding that she sustained a work-related injury to her knee and was entitled to temporary total disability benefits. The WCJ also found that Wal-Mart acted arbitrarily in refusing to pay benefits, and awarded Ms. Hartman $2,000.00 in penalties, and attorney fees in the amount of $2,000.00.
This appeal, taken by Wal-Mart, followed. Ms. Hartman filed an answer to the appeal, seeking attorney fees for the additional work performed in connection with the appeal.
DISCUSSION
In its first assignment of error, Wal-Mart insists that the WCJ erred in finding Ms. Hartman met her burden of proving entitlement to disability benefits. Specifically, it urges that Ms. Hartman failed to prove the occurrence of a work accident and its medical connexity to her right knee condition.
Whether a claimant has established a work-related accident and whether the worker is entitled to disability benefits are factual determinations subject to the manifest error or clearly wrong standard of preview. Barber Brothers Contracting Company, L.L.C. v. Morgan, 2002-1712, p. 2 (LaApp. 1 Cir. 5/9/03), 849 So.2d 563, 564. In order for an appellate court to reverse a compensation judge’s factual findings, it must find from the record that a reasonable factual basis does not exist for the findings and the record establishes those findings are clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
At trial, Ms. Hartman testified that one evening in April, she was moving shelves when a pin popped out and one shelf fell on her knee. She stated that her knee was bruised and she told her co-worker, April Baudoin, about the accident. She testified that she and April went to their supervisor and reported the accident on that date. Although Ms. Baudoin did not witness the accident, she corroborated Ms. Hartman’s testimony, stating that she found Mrs. Hartman leaning against a furniture display “with her knee up.” She also observed a bruise on Ms. Hartman’s knee after Ms. Hartman described the accident to her, and testified she was present when Ms. Hartman reported the accident to the supervisor.
In support of its claim that Ms. Hartman failed to prove the occurrence of a work accident, Wal-Mart focuses on the testimony of its employees, as well as Ms. Hartman’s admission that she did not inform her family physician, whom she saw shortly after the alleged incident, about the work accident. Donald Owens, Wal-Mart’s assistant manager, stated that the first time Ms. Hartman apprised him she hurt her knee was on May 16, 2001, when Ms. Hartman filled out a claim report, as her temporary job with Wal-Mart was ending. Also, Consuela Uzee, Wal-Mart’s claims manager, stated that she did not know about the accident until Mr. Owens logged the information about the accident into the store’s computer system. She testified that Ms. Hartman told her a couple of weeks after she started working at Wal-Mart that she needed knee surgery, and came to work with a cane and in a brace. However, she could not recall the exact date that she |4saw Ms. Hartman *53 wearing a knee brace. Wal-Mart’s personnel manager testified she was not informed of the accident until May 16, 2001, and noted that while Ms. Hartman provided work excuses for missing work days, the excuses did not state that the absence was for a job injury. A Wal-Mart crew leader who worked with Ms. Hartman attested that he knew nothing about the accident.
A worker’s testimony alone may be sufficient to discharge the burden of proving that an employment accident occurred and it had a causal relationship to the disability where no other evidence discredits or casts serious doubt on the workers’ version of the incident, and the workers’ testimony is corroborated by circumstances following the alleged incident. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). Obviously, the WCJ believed Ms. Hartman’s claim that she was involved in a work-related accident that injured her right knee, which was corroborated by the testimony of her fellow co-worker and the medical evidence demonstrating a need for knee surgery. The WCJ is afforded great latitude in making credibility and weighing testimony. Augustus v. St. Mary Parish School Board, 95-2498, p. 5 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1150. We find the WCJ’s factual findings regarding the occurrence of a work accident and resulting disability to be reasonably supported by the record, and decline to disturb the rulings.
Next, Wal-Mart insists the WCJ erred in awarding penalties and attorney fees, urging this was a “hotly contested case” it reasonably controverted. We disagree. An assessment of penalties and attorney fees is proper, unless the employee’s right to benefits are reasonably controverted. The WCJ’s finding that Wal-Mart’s refusal to pay benefits warranted the imposition of penalties and attorney fees is a factual question which will not be disturbed on review in the absence of manifest error or unless clearly wrong. Augustus v. St. Mary Parish School Board, 95-2498 at pp. 12-13, 676 So.2d at 1154. The WCJ’s assessment of penalties and attorney | Sfees is reasonably supported by the evidence in this case, and we decline to disturb the awards. We further award Ms. Hartman the sum of $2,000.00 for additional work performed by her attorney in connection with this appeal.
Lastly, we note the parties stipulated that should the occurrence of a work-accident be found, the period of disability ended on January 16, 2002. However, in its judgment, the WCJ identified one of the issues as whether Ms. Hartman was entitled to present and future compensation benefits. In light of the stipulation, Ms. Hartman’s entitlement to benefits ended on January 16, 2002, and we amend the judgment to so reflect.
CONCLUSION
Based on the foregoing, we amend the judgment to reflect that Windy Hartman is entitled to workers’ compensation benefits from June 4, 2001 to January 16, 2002, the duration of her disability. As amended, the judgment is affirmed. Additionally, we order Wal-Mart to pay an additional $2,000.00 to Ms. Hartman for attorney fees incurred in connection with this appeal, as well as all costs of this appeal.
AMENDED AND AFFIRMED.