PETTIGREW, J.
| j,The parties in this workers’ compensation action have previously litigated the compensability of the claim as well as the nature and extent of disability.[1] John Morgan, the 41-year old claimant herein, has filed the current dispute with the Office of Workers’ Compensation (“OWC”) seeking payment for dental treatment with Dr. Andre Bruni, sleep apnea testing, a prescription for Cialis, and testosterone replacement therapy, together with penalties and attorney fees. For the following reasons, we hereby affirm.
FACTS
Mr. Morgan injured his neck on June 9, 1997, while working for defendant Barber Brothers as a heavy equipment operator. As a result of this accident, Mr. Morgan subsequently underwent a cervical fusion. Mr. Morgan returned to work approximately one year later; however, increased neck pain producing excruciating headaches forced Mr. Morgan to stop work again. Dr. John Clark, has primarily treated Mr. Morgan since his disabling pain began. Dr. Clark is also defendant Barber Brothers’ choice for a pain management physician.
Presently, Mr. Morgan claims that his 14-year usage of narcotic pain medication has decreased his ability to produce saliva and resulted in extensive and irreparable dental decay. Dr. Clark referred Mr. Morgan to Andre Bruni, DDS, for evaluation of his dental problems. Dr. Bruni related Mr. Morgan’s dental condition to his continued and long-term use of narcotic pain medication. Dr. Bruni also proposed a treatment plan to extract all of Mr. Morgan’s teeth with delivery of upper and lower dentures at a cost of $12,746.00. Barber Brothers has refused to authorize Dr. Bruni to treat Mr. Morgan.
In response to Mr. Morgan’s complaints of difficulty sleeping, chronic neck pain and headaches, Dr. Clark recommended that Mr. Morgan undergo a sleep apnea test to make certain that his narcotic pain medications were not making these complaints worse. Additionally, Dr. Clark stated that narcotic pain medications increase liver function and metabolize not only pain medications but testosterone as well. To combat problems | ¡¡associated with low testosterone levels, i.e., erectile dysfunction, low libido, lethargy, fatigue and depression, Dr. Clark prescribed a combination of Cialis and testosterone replacement therapy. Again, Barber Broth *526 ers has refused to authorize this treatment.
PROCEDURAL HISTORY
Mr. Morgan filed a Disputed Claim for Compensation on October 6, 2010, seeking dental treatment with Dr. Andre Bruni, sleep apnea testing, a prescription for Cial-is, and testosterone replacement therapy, together with penalties and attorney fees. Barber Brothers, through its third-party administrator, sought a second opinion with Dr. Anthony Ioppollo. Dr. Ioppollo was extremely skeptical that Mr. Morgan’s dental problems were related to his use of narcotic pain medication, and opined that sleep apnea testing was not warranted. Additionally, Dr. Ioppollo stated that he did not believe Mr. Morgan’s erectile dysfunction and low testosterone were related to his work injury. Barber Brothers reconvened seeking an order from the court compelling Mr. Morgan to enter an inpatient pain treatment program as recommended by Dr. Clark. The matter proceeded to a trial on the merits before the workers’ compensation judge (“WCJ”) on March 10, 2011.
After reviewing the applicable law, the OWC record, the evidence, including the report of the court-appointed dentist, Dr. Eugene Graff,[2] and the testimony of the witnesses at trial, the WCJ in a judgment dated April 19, 2011, determined that Barber Brothers approve and pay for Mr. Morgan’s tooth extraction and dentures as recommended by Dr. Andre Bruni in an amount not to exceed $7,000.00. The WCJ further ordered Mr. Morgan to submit to an in-patient pain treatment program as recommended by Dr. Clark within 90 days from the date of judgment. Mr. Morgan’s claims for sleep apnea testing, erectile dysfunction treatment (i.e., a Cialis prescription), and testosterone replacement therapy were denied as premature; however, Mr. Morgan was granted leave to reassert these claims following his completion of an in-patient pain |4treatment program. Finally, the WCJ denied Mr. Morgan’s claims for penalties and attorney fees. From this judgment, Mr. Morgan has appealed.

Limitation of the Charges for Tooth Extraction

The first issue raised by Mr. Morgan is that although the WCJ ordered Barber Brothers to “approve and pay for [Mr.] Morgan’s tooth extraction and dentures as recommended by Dr. Andre Bru-ni,” the WCJ arbitrarily limited the amount which could be charged to a maximum of $7,000.00. Mr. Morgan argues the WCJ erred, and asserts that all medical treatment rendered pursuant to the Louisiana Worker’s Compensation Act is governed by the medical fee reimbursement schedule set forth at htbp://www.laworks. net/Dovmloads/OWC/CPTMedReimbCodes 2000.pdf.
In response, Barber Brothers argues that medical expenses an employer is obligated to pay must be necessary and reasonable.[3] Barber Brothers also states that the OWC is empowered through the WCJ to determine the reasonableness of the charges.[4] In conclusion, Barber Brothers *527 claims the WCJ rejected the estimate of Dr. Bruni, and found, based upon the opinion of Dr. Graff, that $7,000.00 was a reasonable cost for the dental treatment in question.
It is well settled that the law in effect at the time of the injury controls in workers’ compensation cases. Frith v. Riverwood, Inc., 2004-1086, p. 7 (La.1/19/05), 892 So.2d 7, 12. At the time of Mr. Morgan’s 1997 injury, the current law, La. R.S. 28:1034.2, authorizing the Director of the OWC to establish a reimbursement schedule for medical services, was in effect. Louisiana Revised Statutes 28:1034.2 provides in pertinent part:
§ 1034.2. Reimbursement schedule
A. The director of the office of workers’ compensation administration shall establish and promulgate a reimbursement schedule for drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal and due under the Workers’ Compensation Act and applicable to any person or corporation who renders such care, services, or | -Treatment or provides such drugs or supplies to any person covered by Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950.
B. The director shall adopt, in accordance with the Administrative Procedure Act, rules and regulations necessary to establish and implement a reimbursement schedule for such care, services, treatment, drugs, and supplies. [Footnote omitted.]
C. (1) The reimbursement schedule shall include charges limited to the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies... [5]
[[Image here]]
D. Fees in excess of the reimbursement schedule shall not be recoverable against the employee, employer, or workers’ compensation insurer.
Dental charges are not set forth in the medical fee reimbursement schedule established pursuant to La. R.S. 23:1034.2. At the time of Mr. Morgan’s 1997 injury, La. R.S. 23:1034.2(0(4) had not been enacted.
The WCJ was presented with a $12,746.00 treatment plan proposed by Dr. Bruni and Dr. Ioppollo’s opinion that Mr. Morgan’s current dental complaints were not related to Mr. Morgan’s use of narcotic pain medication. The WCJ sought the opinion of its own expert, Dr. Graff, who, declining to comment on the cause of Mr. Morgan’s dental complaints, estimated treatment to cost $6,461.00. Accordingly, the WCJ directed Barber Brothers to approve and pay for Mr. Morgan’s tooth extraction and dentures as recommended by Dr. Andre Bruni in an amount not to exceed $7,000.00. We find this sum to be reasonable and within the discretion afforded the WCJ.

Disposition of Remaining Issues

The remaining issues raised by Mr. Morgan in connection with this appeal re *528 late to the WCJ’s denial of sleep apnea testing, a prescription for Cialis, testosterone replacement therapy, and refusal to award penalties, costs and attorney fees.
The WCJ’s judgment denied Mr. Morgan’s claims for sleep apnea testing, a prescription for Cialis, and testosterone replacement therapy pending his completion of an | fiin-patient pain treatment program as recommended by Dr. Clark. Mr. Morgan argues that although “Dr. Clark is the treating pain management doctor,” the WCJ “has taken over as [Mr. Morgan’s] treating physician.” Barber Brothers claims that in granting its reconventional demand, the WCJ was following Dr. Clark’s recommendation that Mr. Morgan be weaned of narcotic pain medication before making a determination as to the need for sleep apnea testing, Cialis prescription, and testosterone replacement therapy.
Upon review of the record in this matter, we find no error in the findings of the WCJ that Mr. Morgan’s assertion of claims for sleep apnea testing, Cialis prescription, and testosterone replacement therapy are premature until such time as he has submitted to and completed an inpatient pain treatment program as recommended by Dr. Clark.
Additionally, Mr. Morgan claimed that the WCJ erred in denying his claim for penalties and attorney fees based upon Barber Brothers’ callous disregard for the opinion of its own doctor and its refusal to provide reasonable and necessary medical treatment. Citing La. R.S. 23:1201, Barber Brothers argues that penalties and attorney fees are not owed when the claim is reasonably controverted. Barber Brothers hired an IME who offered clearly different opinions regarding the cause of Mr. Morgan’s tooth decay. The WCJ thereafter retained Dr. Graff, who opined that the cost of Mr. Morgan’s extractions and dentures would be considerably less. The WCJ then followed Dr. Clark’s recommendation regarding an in-patient pain treatment program for Mr. Morgan. Accordingly, Barber Brothers claims the WCJ was correct in denying Mr. Morgan’s claim for penalties and attorney fees.
The WCJ’s determination of whether an employer or insurer should be cast with attorney fees in a workers’ compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. Frith, 2004-1086 at 12, 892 So.2d at 15. Based upon our review of the record herein, we cannot say the WCJ’s decision denying Mr. Morgan’s claim for penalties and attorney fees was clearly wrong.
17DECREE
For the above and foregoing reasons, the judgment of the WCJ is hereby affirmed. All costs of this appeal shall be assessed against the appellant.
AFFIRMED.

. See Barber Brothers Contracting Co. v. Morgan, 2002-1712 (La.App. 1 Cir. 5/9/03), 849 So.2d 563.

.In. his April 6, 2011 correspondence to the WCJ, Dr. Graff estimated extraction of Mr. Morgan’s remaining teeth and treatment with upper and lower dentures to cost $6,461.00. Dr. Graff further stated that he could neither confirm nor deny Mr. Morgan’s use of narcotic pain medication as the cause of his dental decay.

. See Richard v. Vermillion Hospital, 2010-385, p. 12 (La.App. 3 Cir. 6/9/10), 41 So.3d 1219, 1228, writ denied, 2010-1611 (La. 10/8/10), 46 So.3d 1269.

. See Manuel v. River Parish Disposal, Inc., 96-302, 96-303, p. 8 (La.App. 5 Cir. 10/1/96), 683 So.2d 791, 795.

. Pursuant to Acts 2004, No. 534, § 1, the former text of subsection C of La. R.S. 23:1034.2 was designated as paragraph (C)(1), and paragraphs (C)(2) and (3) were added. Pursuant to Acts 2005, No. 257, § 1, La. R.S. 23:1034.2(C)(4) was added. Louisiana Revised Statutes 23:1034.2(C)(4) provides as follows:
(4) Notwithstanding any other provisions of this Section, reimbursement for dental services shall not exceed the seventieth percentile in the current edition of the National Dental Advisory Service (NDAS) Comprehensive Fee Report, utilizing the average of geographic multipliers for Louisiana as published in the NDAS report.