613 So.2d 739 (1993)
June BRAZLEY
v.
BURGER KING/CIGNA.
No. 92-CA-2042.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
Writ Denied April 2, 1993.
Nicolas Estiverne, Nicolas Estiverne & Associates, New Orleans, for plaintiff-appellant June Brazley.
*740 Robert Angelle, Metairie, for defendants-appellees Burger King, et al.
Before KLEES, CIACCIO and WALTZER, JJ.
KLEES, Judge.
Plaintiff was injured on February 17, 1991, when she slipped and fell in the cooler of a Burger King restaurant while in the course and scope of her employment. Plaintiff reported her bruised knees to her manager, who sent her to a doctor for treatment. The doctor discharged plaintiff on February 22, 1991 and told her to return to work on the following Monday, February 25th. Plaintiff was still in pain, however, and instead of returning to work, she went to see another doctor. On May 29, 1991, plaintiff filed suit against Burger King seeking medical expenses, worker's compensation benefits, penalties and attorney's fees.
Trial was held before the hearing examiner on February 19, 1992. After hearing the testimony of plaintiff and of Norma Hicks, the Burger King assistant manager, and reviewing the reports and depositions of several doctors, the court found that the plaintiff was temporarily totally disabled and awarded her compensation in the amount of $79.92 per week from the date of the accident, plus legal interest from the date of the judgment, and future medical expenses. The court declined to award penalties and attorney's fees in the absence of a finding that Burger King had acted arbitrarily or capriciously.
Plaintiff has appealed the trial court's denial of penalties and attorney's fees and its failure to award interest from the date each weekly payment became due. Burger King has answered the appeal complaining that the trial court erred in finding the plaintiff disabled. After reviewing the record, we affirm the judgment.
Addressing the defendant's argument first, we do not find that the lower court erred in concluding that plaintiff had met her burden of proving by "clear and convincing" evidence that she was temporarily disabled. See Tanner v. International Maintenance Corp., 602 So.2d 1133 (La.App. 1st Cir.1992). Besides the plaintiff's own testimony concerning the pain in her knee, the record contains reports and deposition testimony from three doctors. All three doctors agreed that plaintiff has a nondisplaced tear of the medial meniscus of her right knee, but they had differing opinions as to the consequences of this diagnosis. Dr. Evans, the plaintiff's treating physician, stated that there was no inflammation or swelling of the knee, which is consistent with a nondisplaced tear. A displaced tear of the meniscus would protrude into the joint and cause inflammation. Dr. Evans recommended surgery to correct the problem, but admitted that he was not an expert in orthopedics and could not say exactly how the repair should be accomplished. Dr. Evans stated that he had kept plaintiff from working mainly because of her pain. He stated that at the time of his deposition (November 15, 1991), the plaintiff was not totally disabled, but could work as a cashier or in some similar job.
Dr. Adatto, one of the two orthopedists who examined the plaintiff, believed that plaintiff needed arthroscopic surgery on her knee. He stated that plaintiff could return to work "after the surgery."
A second orthopedist, Dr. Laborde, examined the plaintiff at the request of defendant. He opined that surgery on a nondisplaced tear would not be warranted because the tear does not reach the surface of the meniscus and consequently cannot be seen during arthroscopic surgery. He stated that this type of tear is often asymptomatic. Dr. Laborde found no objective reason why plaintiff could not return to her normal activities, including work, without restrictions.
In view of this evidence, we find that plaintiff proved her disability by clear and convincing evidence. Two out of three doctors believe that she needs surgery on her right knee. The third doctor, Dr. Laborde, stated that there was no objective basis for her inability to work, but failed to adequately explain her complaints of pain. We conclude that plaintiff's pain must have been caused by the nondisplaced tear of the *741 medical meniscus of her knee, which all three doctors agreed she has, even though this type of tear does not cause pain in every case. Therefore, we find that the lower court's award of benefits is warranted, and decline to reverse that award.
We also reject plaintiff's contention that the lower court should have awarded interest from the date each benefit payment became due, rather than from the date of the judgment. The trial court correctly followed R.S. 23:1201.3, which became effective January 1, 1990 (one year before the accident) and which provides that any compensation awarded shall bear judicial interest from the "date ordered paid by the hearing officer until the date of satisfaction."
Finally, we find no merit in plaintiff's argument that the hearing officer should have awarded penalties and attorney's fees for Burger King's failure to pay compensation. The law does not authorize an award of penalties or attorney's fees in the instant case. Concerning penalties, R.S. 23:1201(E) states "Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply." (Emphasis added). Similarly, R.S. 23:1201.2 provides that attorney's fees are due only when the employer's failure to pay compensation is found to be "arbitrary, capricious, or without probable cause." There is no question that Burger King did not act arbitrarily or capriciously in this case, but rather maintained a reasonable dispute concerning plaintiff's disability. The doctor to whom plaintiff was initially sent, Dr. Logan, discharged plaintiff within seven days with instructions to return to work. It was reasonable for Burger King to rely upon this doctor's opinion in disputing plaintiff's claim of disability.
Penalties should not be imposed in doubtful cases, where a bona fide dispute as to entitlement to benefits exists. Ceasor v. Belden Corp., 536 So.2d 1261, 1267 (La.App. 3d Cir.1988). Moreover, whether termination of workers' compensation benefits is arbitrary, capricious or without probable cause depends primarily on facts known to the employer at the time of the action. Lee v. Smith, 248 La. 16, 176 So.2d 413, 418 (1965). Where information available to the employer was that the injured workman was fit to return to former employment, the employer's refusal to pay further compensation benefits is not arbitrary and capricious even though subsequent events prove that conclusion of fitness to have been in error. Johnson v. Distribution and Transportation Co., 485 So.2d 589, 592 (La.App. 4th Cir.1986). There is no evidence that Burger King was made aware of Dr. Evans' opinion that plaintiff could not return to work. Counsel for Burger King deposed Dr. Evans in November of 1991, at which time Dr. Evans stated that he had ordered an MRI scan of plaintiff's knee, but would have to defer to an expert to interpret the results. Shortly thereafter, Burger King arranged for plaintiff to be examined by an orthopedic surgeon, Dr. Laborde, who did not find any evidence of disability. Under the circumstances, we find that Burger King behaved reasonably. Therefore, we find that neither penalties nor attorney's fees are appropriate in this situation.
Accordingly, having found no merit in the arguments put forth by either plaintiff or defendant, we affirm the judgment of the lower court in all respects.
AFFIRMED.