696 So.2d 1382 (1997)
James E. SHARBONO
v.
STEVE LANG & SON LOGGERS.
No. 97-C-0110.
Supreme Court of Louisiana.
July 1, 1997.
*1383 Walter O. Hunter, Jr., Shreveport, for applicant.
George Arthur Flournoy, Philip G. Hunter, Alexandria, for respondent.
CALOGERO, Chief Justice.
The sole issue presented for our consideration in this case is whether interest on an award of attorney's fee and penalties in a worker's compensation case is to be calculated from the date of judicial demand or from the date of the hearing officer's award. The hearing officer granted claimant Sharbono legal interest on the award of penalties and attorney's fees only from the date of the judgment, November 28, 1995. The court of appeal amended the judgment to grant plaintiff interest on penalties and attorney's fees from the date of claimant's judicial demand, that is, from the date that claimant lodged his claim with the Office of Worker's Compensation, and affirmed the judgment as amended.
For the reasons which follow we reverse the court of appeal on this discrete point of law.
I. Background
James E. Sharbono (Sharbono) sustained injuries in an accident on September 15, 1994, while in the course and scope of his employment with defendant, Steve Lang & Son Loggers (Lang). Sharbono was measuring a log while atop a pile of logs, approximately seven to eight feet from the ground. He slipped and fell onto his buttocks on a log below, then pitched to his knees on the ground. The fall caused Sharbono to sustain low back trauma. He filed a worker's compensation claim with the Office of Worker's Compensation, seeking to recover benefits, medical expenses, attorney's fees, and penalties. Trial of the matter was held on September 29, 1995. The hearing officer rendered judgment in favor of Sharbono in open court on all issues except Sharbono's claim *1384 for attorney's fees and penalties, which issue she took under advisement. Sharbono had argued that Lang was arbitrary and capricious in refusing to pay necessary medical expenses and in refusing timely to seek additional, updated medical opinions on claimant's condition. Thereafter, the hearing officer agreed with Sharbono that defendant Lang was arbitrary and capricious in handling his claim. The court awarded a penalty in the amount of $2,000, and attorney's fees in the amount of $4,750. Costs were assessed against defendant Lang, and "interest [was] awarded in accordance with law." The later signed judgment issued by the hearing officer on November 28, 1996 provided that legal interest on the award of benefits was "awarded from the due date of each benefit, until paid, subject to credit for all benefits previously paid." The judgment further provided that legal interest on the $2,000 in penalties and on the $4,750 in attorney's fees would be assessed "from the date of this judgment until paid." Sharbono appealed, urging that the hearing officer was wrong in assessing interest on the attorney's fees and penalties only from the date of their award.
On appeal, Sharbono pointed out that the Third Circuit Court of Appeal in prior cases had consistently awarded legal interest on penalties and fees from the date of judicial demand, rather than from the date of judgment. In contrast, defendant Lang argued that interest on attorney's fees and penalties in a worker's compensation case may be awarded only from the date of judgment. For that proposition, defendant cited La.R.S. 23:1201.3(A), which was amended effective January 1, 1990. The last sentence of subsection (A) of R.S. 23:1201.3 reads, "Any compensation awarded and all payments thereof directed to be made by order of the hearing officer shall bear judicial interest from the date ordered paid by the hearing officer until the date of satisfaction."
The court of appeal found R.S. 23:1201.3 inapplicable because "[p]enalties and attorney's fees are neither benefits nor compensation... [but] are penal in nature and meant to punish recalcitrant employers or insurers for failing to honor statutorily imposed obligations." [1] The court went on to award interest on these fees and penalties from the date of judicial demand, citing the "jurisprudential rule that interest on penalties and attorney's fees runs from the date of judicial demand." One judge on the five-judge panel dissented. While agreeing with the majority that R.S. 23:1202.3(A) applies only to compensation benefits and not to penalties and attorney's fees, he would have awarded interest on attorney's fees and penalties only from the date of judgment, in line with the reasoning of the Second Circuit Court of Appeal, Louisiana, as expressed in the insurance context in Williams v. Louisiana Indem. Co., 26-887 (La.App.2d Cir. 6/21/95), 658 So.2d 739. The dissenting judge acknowledged that "a number of cases award interest from date of judicial demand," but he found no *1385 statutory basis exists for their having done so. Finally, the dissenting judge noted that the question regarding when interest on fees and penalties is due was not squarely presented in those cases.

II. Discussion
Before deciding what, if any, jurisprudential rule should govern the date upon which to commence the running of legal interest on awards of attorney's fees and penalties in a worker's compensation case, we must first address whether R.S. 23:1201.3, granting interest on "compensation awarded and all payments thereof" from the date ordered by the hearing officer, applies to interest stemming from penalties and attorney's fees. We hold that it does not.
R.S. 23:1201.3 was enacted as part of Acts 1988, No. 938, a sweeping bill aimed at reforming worker's compensation law, in particular, the administration of claims. Prior to Act 938, since 1983 and the passage of Acts 1983, 1st Ex.Sess., No. 1, § 1, worker's compensation disputes were resolved by nonbinding arbitration, conducted by administrative officers in the office of worker's compensation administration. The officer's recommendation for resolution was appealable to the district court, which then had original jurisdiction over the claim.[2]
According to the minutes of the House Committee on Labor and Industrial Relations, Senate Bill No. 943 (later to become Act 938, Louisiana Acts 1988) was a legislative attempt to reduce the costs of worker's compensation in Louisiana, primarily by creating a system of regional hearing officers with quasi-judicial authority. Pursuant to R.S. 23:1310.3(E), nine regional hearing officers are now "vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter." An officer's decision is final "unless an appeal is made to the appropriate circuit court of appeal," R.S. 23:1310.5, thus taking the district courts out of the process.[3] The portion of Act 938 under scrutiny here is § 1201.3A, which provides:
A. If payment of compensation or an installment payment of compensation due under the terms of an award, except in case of appeals from an award, is not made within ten days after the same is due by the employer or insurance carrier liable therefor, the hearing officer may order a certified copy of the award to be filed in the office of the clerk of court of any parish, which award whether accumulative or lump sum, when recorded in the mortgage records, shall be a judicial mortgage as provided in Civil Code Article 3321. Any compensation awarded and all payments thereof directed to be made by order of the hearing officer shall bear judicial interest from the date ordered paid by the hearing officer until the date of satisfaction. (Emphasis supplied).
In interpreting R.S. 23:1201.3, we are guided by the Civil Code's maxim in Article 9 that clear and unambiguous laws "shall be applied as written and no further interpretation may be made in search of the intent of the legislature," and in Article 11 that "[t]he words of a law must be given their generally prevailing meaning." Further, this Court has held that "legal interest is statutory and should be strictly construed." Cole v. Celotex Corp., 599 So.2d 1058, 1081 (La.1992), quoting Cole v. Celotex Corp., 588 So.2d 376, 389 (La.App. 3d Cir.1991). With these guides in mind, we turn to examination of the statute at hand.
By its plain language, R.S. 23:1201.3 does not govern interest on attorney's fees and penalties. Nor does the statute's legislative history reflect discussion of the subject. The "generally prevailing meaning" of the word "compensation," as used in the statute, would not include attorney's fees and penalties. *1386 See Broussard v. U.S. Fire Ins. Co., 96-668 (La.Ct.App.3d Cir. 12/11/96), 685 So.2d 494 ("We do not find that a strict construction of the term `compensation' encompasses penalties and attorney's fees."). Further, attorney's fee awards and penalty awards are not intended to "compensate" a plaintiff and thereby make him whole, but rather to discourage certain behavior(s) on the part of the offending party. In this case, the discouraged behavior is employers', and employers' insurers', indifference toward injured employees. Hood v. C.J. Rogers, Inc., 94-1162 (La.App.3d Cir. 3/8/95), 654 So.2d 371; Lutz v. Jefferson Parish Sch. Bd., 503 So.2d 106 (La.Ct.App. 5th Cir.1987).
It is clear that fees and penalties are not "compensation" within the meaning of the statute. Accordingly, R.S. 23:1201.3 does not govern the calculation of interest on a hearing officer's award of penalties and attorney's fees.
Because R.S. 23:1201.3 does not address the date from which interest on attorney's fees and penalties will run, and in the absence of any Code article governing awards of interest on attorney's fees and penalties,[4] we must look to the jurisprudence to determine whether interest on such must be awarded from the date of judicial demand, as alleged by Sharbono, or from the date of the hearing officer's award, as argued by defendant Lang.
The world of legal interest may be divided into two hemispheres. Prejudgment interest, which stems from the damages suffered by the victorious party, is meant to fully compensate the injured party for the use of funds to which he is entitled but does not enjoy because the defendant has maintained control over the funds during the pendency of the action. See Wickham Contracting Co., Inc. v. Local Union No. 3, International Brotherhood of Elec. Workers, AFL-CIO, 955 F.2d 831 (2d Cir.1992), cert. denied, 506 U.S. 946, 113 S.Ct. 394, 121 L.Ed.2d 302 (1992); Hebert v. Exxon Corp., 770 F.Supp. 314 (E.D.La.1991); American Motorist Ins. Co. v. American Rent-All, Inc., 617 So.2d 944 (La.Ct.App. 5th Cir. 1993), on reh'g, 617 So.2d at 947 (citing Hebert); Prager v. New Jersey Fidelity and Plate Glass Ins. Co., 245 N.Y. 1, 156 N.E. 76 (1927) (Cardozo, C.J.) (noting that prejudgment interest is frequently controlled by considerations of "policy and justice," and that an award of prejudgment interest "may be necessary to make plaintiff whole"). In contrast, postjudgment interest is a prospective award whose purpose is to encourage prompt payment of amounts awarded in the judgment, and to compensate the victorious party for the other party's use of funds to which the victor was entitled under the judgment. Cf. State, Through Division of Administration v. Algernon Blair, 445 So.2d 133, 136 (La.App. 3d Cir.1984) (addressing postjudgment interest in the arbitration setting); Mt. Airy Refining Co. v. Clark Acquisition, Inc., 470 So.2d 890 (La.App. 4 Cir.1985) (same).
As a general rule, attorney's fees are not allowed in Louisiana except where authorized by statute or provided for by contract. See Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985); Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959); Woodmen of the World Life Ins. Soc. v. Hymel, 610 So.2d 195 (La.App. 3d Cir.1992), writ denied, 612 So.2d 103 (La.1993). Unless the judgment provides otherwise, costs shall be paid by the party cast. La.Code Civ.P. art. 1920. As recognized by the court of appeal in this case, an award of attorney's fees is, in essence, a type of penalty. They are not awarded to make the injured party whole, but rather to discourage a particular activity or activities on the part of the other party. See, e.g., Hood, pp. 4-5, 654 So.2d at 374 ("The purpose for attorney's fees and penalties is to combat indifference by employers and insurers toward injured employees."); *1387 Iron Workers Local # 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir.1980) (setting forth five factors for courts to consider in deciding whether to award attorney's fees, including "the degree of the opposing party's culpability or bad faith"). An examination of Louisiana's attorney fee statutes reveals that most awards of attorney's fees depend on some sort of arbitrary, capricious, or unreasonable act(s) by the party against whom they are to be assessed. E.g., La.R.S. 9:375 (attorney's fees available to mover in action to make executory past-due payments of alimony); La.R.S. 9:4833 (attorney's fees available if show that a contractor's refusal to cancel his workman's lien was arbitrary and capricious); La.R.S. 22:658(B) (penalties and attorney's fees available against insurers who fail to pay upon written proofs of loss or written agreement or settlement if such failure was arbitrary, capricious, or "without probable cause"); La.R.S. 23:1201.2 (employer may be liable for attorney's fees if discontinues payment of compensation arbitrarily, capriciously, or without probable cause); La. R.S. 23:1201(F) (attorney's fees available in addition to penalties if employer's attempt to controvert worker's compensation claim is unreasonable); Code Civ.P. art. 1469 (attorney's fees available against mover if motion to compel discovery is denied and motion was not "substantially justified," and available against other party if opposition to the motion was not "substantially justified").
In Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978), this Court addressed the issue of interest on an award of damages and attorney's fees in a redhibition action. In Alexander, the purchaser of an accounting computer brought an action in redhibition, seeking rescission of the sale, damages, attorney's fees as provided for in Civil Code Art. 2545, and expenses incurred in dealing with the machine's defects. The trial court ordered rescission of the sale, but refused to award damages or attorney's fees. The court of appeal affirmed the trial court's finding of redhibitory defects, but reversed the trial court's rejection of the plaintiff's other demands, awarded the return of the purchase price, expenses, attorney's fees under Article 2545, and damages, and ordered the cancellation of the seller's chattel mortgage. Legal interest was awarded the plaintiffs from rendition of the trial court judgment, on the damages and expenses as well as the attorney's fees. After granting certiorari, this Court held that, "[e]xcept for attorneys' fees we find that plaintiffs' claim was ascertainable on the date of formal demand for `cancellation' of the purchase," and therefore that prejudgment interest on the underlying claim should run from that date. Id. at 613 (emphasis added). The Court explained that the subject breach was of the "passive" variety, and thus that interest would run on the date of plaintiff's formal demand for cancellation of the purchase by letter, because that was the date the defendant was put in default under Civil Code art. 1933 (since amended and moved to Civil Code Art.1989 by Acts 1984, No. 331, § 1, effective January 1, 1985). The Court noted the difference between passive and active breaches of contract, in that interest as to the latter began to run "from the moment" of an active violation of a contract under Civil Code Art.1932 (since amended and moved to Civil Code Art.1989 by Acts 1984, No. 331, § 1, effective January 1, 1985).
However, the Court went on to treat interest on attorney fee awards as a different, postjudgment, animal, stating: "The amount of attorneys' fees due was not ascertainable until awarded by the court, and interest, therefore, will run on that demand only from the date awarded." Id. at 614 (emphasis added). The Court thereby clarified that the date by which to calculate interest on an underlying claim for damages has no bearing on the date by which to calculate interest on attorney fee awards. See also Louisiana and Arkansas R.R. Co. v. Export Drum Co., 359 F.2d 311 (5th Cir.1996) (holding that the federal statute relating to interest on judgments, 28 U.S.C. § 1961, relates only to interest recoverable on the judgment itself, and is irrelevant to the question whether prejudgment interest should be allowed as part of the compensation awarded to make the injured party whole). Rather, according to the Alexander Court, the date on which interest begins to run on an award of attorney's fees is the date on which they are awarded by the trial court, because that is *1388 the date that their amount is "ascertainable." Lang faults this rationale, in that the "amount" of attorney's fees is no more or less ascertainable prior to judgment than the "amount" of damages sought by the plaintiff.
There is certainly some merit to that argument. The amount of attorney's fees due the victor is no more ascertainable prior to judgment than the amount of damages due that party. However, the result reached by the Alexander Court was the correct one, not because the amount of attorney's fees was ascertainable only on the date of judgment, but because that amount was never due until that date.
Unlike awards of attorney's fees, underlying damages in, for example, actions ex delicto, are conceptually "due" throughout the pendency of the suit from the time the plaintiff makes judicial demand pursuant to R.S. 13:4203. That the precise "amount" due during that period is determined on the date of judgment has no effect on the simple fact that the defendant had the use of money to which the plaintiff was entitled since the time of judicial demand. So, too, with actions ex contractuunder C.C. art. 1989, damages are conceptually "due" from the date of an active breach, or from the date the defendant is put in default in the case of a passive breach. The later determination of the actual "amount" due relates back to that earlier date to allow for precise calculation of the amount of interest actually due to make the plaintiff whole. In other words, in cases ex delicto and ex contractu, "prejudgment interest" is awarded to make an injured party whole by compensating that party for the time-value of money to which that party was entitled from the date set by the legislature, but over which the defendant, in retrospect, had wrongfully continued to exercise dominion and control while the suit was pending.
Not so with awards of attorney's fees, which are "due," if at all, only on the date of judgment. It is important to note that a victorious plaintiff who has suffered compensable harm is of necessity "due" some amount of damages, to be determined by the trier of fact. However, that same victorious, damaged party is not automatically due any amount of attorney's fees. Rather, despite the party's victory, the trier of fact may decide that attorney's fees, which are available only by statute or contract, are not warranted. For example, in Brazley v. Burger King, 613 So.2d 739 (La.App. 4th Cir.), writ denied, 615 So.2d 339 (La.1993), the court found that the employer "reasonably controverted," under R.S. 23:1201 E, the employee's right to worker's compensation benefits, and thus that the law did not authorize an award of penalties or attorney's fees despite the court's determination that the employee was entitled to the benefits. Similarly, in the insurance context, R.S. 22:658 B provides for penalties and attorney's fees to be assessed against insurers who arbitrarily, capriciously, or without probable cause fail to pay a claim on a health insurance policy after being supplied with written proofs of loss or written agreement or settlement. The court in Ramirez v. Ware, 28879, p. 10 (La.Ct.App.2d Cir. 9/25/96), 680 So.2d 1302, 1308, found that no award of attorney's fees or penalties was due because the plaintiff "did not carry her burden of proving that the insurer's actions were arbitrary, capricious, or without probable cause as required by the provisions of ... La.R.S. 22:658," even though it held, contrary to the defendant's insurer's position, that the plaintiff was entitled to coverage under the subject policy.
Because attorney's fee awards depend for their very existence upon a discretionary finding of the trier of fact, any amount of attorney's fees awarded to the victor is "due" only from the date of judgment. Prior to that time, the victor was not entitled to those funds. Because the losing party did not deprive the victor of the use of funds to which the victor was entitled, no prejudgment interest may be calculated on the award of attorney's fees. Rather, postjudgment interest on that amount may be calculated only from the date the debt came into being and thus became due to the date it is paid. To hold otherwise would be to unfairly compensate the victor, and penalize the loser, for a deprivation which never took *1389 place.[5] Accordingly, the hearing officer properly granted interest on the attorney's fees from the date of her judgment awarding such. The court of appeal erred in overturning the hearing officer's findings in this regard.[6]
Finally, there is the matter of interest on penalties. Both federal and state jurisprudence is nearly uniform in holding that penalty interest is entirely of the post-judgment variety, and thus is calculated only from the date the penalties are awarded until the date they are paid. E.g., United States v. Reul, 959 F.2d 1572 (Fed.Cir.1992) ("Prejudgment interest may not be awarded on punitive damages."); Jordan v. Intercontinental Bulktank Corp., 621 So.2d 1141 (La.Ct.App. 1st Cir.1993), cert. denied, 510 U.S. 1094, 114 S.Ct. 926, 127 L.Ed.2d 219 (1994) ("Under both Louisiana and federal law, a plaintiff is entitled to interest on punitive damages only from date of judgment."), citing Alexander, 359 So.2d at 613-14. Pursuant to La. R.S. 23:1201(F), penalties against employers or their insurers for the failure to pay claims in accordance with the statute are equal to "twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater," unless the claim was "reasonably controverted or [the] nonpayment results from conditions over which the employer or insurer had no control." R.S. 23:1201(G) provides for an additional penalty of 24% of the award or $100 dollars per day, whichever is greater, for each calendar day after thirty days that an award payable under the terms of a final, nonappealable judgment is not paid.
Just as with attorney's fees awards, penalties are never automatically assessed against the defeated party, but rather are awarded only when the statutory requirements for such are met. For instance, the court in Brazley denied penalties and attorney's fees to a worker's compensation claimant, despite the court's conclusion that claimant had established his entitlement to benefits which the employer had refused to pay, stating: "Where information available to the employer was that the injured workman was fit to return to former employment, the employer's refusal to pay further compensation benefits is not arbitrary and capricious even though subsequent events prove that conclusion of fitness to have been in error." 613 So.2d at 741; see also Ramirez at p. 10, 680 So.2d at 1308 (holding that no penalties were due to the claimant under R.S. 22:1220 C because insurer did not breach R.S. 22:1220 A's duties of good faith, fair dealing, and reasonable and prompt adjustment of claims). Because awards of penalties and attorney's fees are not automatic in the worker's compensation setting, but rather rest within the discretion of the hearing officer, they come due, if at all, only on the date of their award by the officer; thus, such awards may not earn interest until after that date.[7] The hearing *1390 officer correctly ruled to that effect, and the court of appeal's holding to the contrary is reversed.

Decree
For these reasons, the holding of the court of appeal is reversed. The judgment of the hearing officer is reinstated in all respects.
KNOLL, J., not on panel. Rule IV, Part 2, § 3.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, Concurring.
Attorney's fees, as a general rule, are not recoverable by the creditor in the absence of a statute or contract authorizing the fee. See La.Civ.Code art. 3198. When a statute provides for attorney's fees without providing for interest on the attorney's fees, the successful party would only get attorney's fees without interest, except that money judgments bear judicial interest from the date of the judgment. See La.Civ.Code art. 2924(1)(a).
Therefore, the claim for attorney's fees, once merged into the judgment, carries interest from the date of judgment.
NOTES
[1] The court did not address the effect, if any, that R.S. 23:1201.3 has on the computation of interest on the compensation award itself, as "the issue squarely before us does not require this panel to determine the `ambit' of the provision or the intent of the legislature when enacting it." In other words, the only issue raised in the court of appeal was that of interest on the hearing officer's award of penalties and attorney's fees. As defendant Lang did not raise the issue of when interest begins to run on the award of compensation itself, the court of appeal refused to address it under Rule 1-3 of the Uniform Rules of CourtCourts of Appeal. See, e.g., Richard v. Comeaux, 93-171 (La.App. 3d Cir. 11/3/93), 626 So.2d 507, writ denied, 93-2989 (La.1/28/94), 630 So.2d 800. Similarly, defendant Lang has failed to assign as error in this court the hearing officer's award of interest on benefits from the due date of each benefit until paid. That issue need not be considered at this time. Interestingly, however, the jurisprudential rule in worker's compensation cases has been that interest is calculated from the past-due date of each installment until paid. See Brown v. Vacuum Oil Co., 171 La. 707, 132 So. 117 (1930) (worker's compensation interest separately calculated from past-due date of each installment); Jackson v. American Mut. Liab. Ins. Co., 95-1359 (La.App. 3d Cir. 6/12/96), 676 So.2d 716, on reh'g, 676 So.2d 724 (La.App.3d Cir.1996) (per curiam), writ denied, 96-2371 (La.12/6/96), 684 So.2d 927; Hammons v. ABB CE Servs., Inc., 94-2444, pp. 7-8 (La.App. 1st Cir. 10/6/95), 671 So.2d 370, 375 (noting the "jurisprudential rule that pre-judgment interest on worker's compensation benefits is awarded from the dates the payments are due until they are paid"). Similarly, in alimony cases, interest is calculated from the past-due date of each delinquent payment, on the amount of that payment. E.g., Morgan v. Morgan, 452 So.2d 255 (La.App. 5th Cir.1984).
[2] Under the pre-amendment version of R.S. 23:1310.1, an officer would consider the claim and, within thirty days of its receipt, issue a "recommendation for resolution." The recommendations were to be "advisory only and shall not be admissible into evidence in any subsequent legal proceeding." If any party objected to the recommendation, R.S. 23:1311 provided for filing in the district court, which would have original jurisdiction over the case.
[3] For a more exhaustive description of the filing process, see W. Malone & H. Johnson, Workers' Compensation Law and Practice, in 14 Louisiana Civil Law Treatise § 385 (3d ed. 1994).
[4] The Code of Civil Procedure addresses the issue of interest awards in general terms only. C.C.P. art. 1921 provides: "The court shall award interest in the judgment as prayed for or as provided by law." The official revision comment following Article 1921 indicates that the phrase "as provided by law" is aimed at the exception in the case of tort claims where interest attaches automatically from the date of judicial demand without being prayed for, under La.R.S. 13:4203. See Mini Togs Products, Inc. v. Wallace, 513 So.2d 867, 871 (La.App. 2d Cir. 1987), writ denied, 515 So.2d 451 (La.1987).
[5] Note that this is why the courts have computed prejudgment interest in, for example, worker's compensation cases and alimony cases, from the date of each past due installment, on the amount of that installmentno money is "due" until that date. See supra note 1.
[6] It is worth observing that, compared with the judge's capacity to cast unreasonable employers with attorney's fees and penalties, the issue whether interest on those fees and penalties is due from the date of the judgment or from the date of the claimant's judicial demand, is of rather little consequence. Interest on those amounts will be minimal in most cases, and the loss of that interest may be offset by a higher award of penalties or attorney's fees. This discrete legal issue was, however, unresolved prior to this opinion, and warranted review by this Court.
[7] Note also the interesting position of the Fourth Circuit Court of Appeal in Sterling v. Orleans Parish Sch. Bd., 96-0107 (La.App. 4th Cir. 6/26/96), 679 So.2d 167, 175. In Sterling, the court assessed interest on penalties only from the date of judgment. In rejecting the plaintiff's contention that interest was to be calculated from the due date of each payment of benefits, the court held that "penalties on unpaid benefits are very similar to interestthey both impose a cost on the failure to pay promptly. In that sense they are largely redundant. In effect, interest on penalties from date of accrual would be in the nature of interest on interest which is generally disfavored in the law." We do not endorse that view. Interest is assessed on past due amounts because the plaintiff was deprived of the use of funds to which he was entitled. In contrast, penalties are assessed only when it is demonstrated that the defendant "[un]reasonably controverted" his obligation to pay, under R.S. 23:1202F(2), but not when "the claim is reasonably controverted or such nonpayment results from conditions over which the employer or his insurer had no control." In other words, interest and penalties are different weapons meant to combat different evils. That their purposes may coincide in a given case does not change their distinct natures. Thus, the issue whether to award interest on penalties from the date of the judgment, or rather some earlier date, must be resolved in a manner other than that proposed in Sterling.