| j SULLIVAN, Judge.
This matter is on remand from the supreme court with instructions to calculate Plaintiffs’ damage award for Shell’s unauthorized disposal of saltwater on their land. Corbello v. Iowa Production, 02-826 (La.2/25/03), 850 So.2d 686. The supreme court held that Plaintiffs’ damages for this item is $1,629,723.00, together with prejudgment interest. The basis of this litigation is a lease, and with regard to the calculation of the prejudgment interest due, the supreme court instructed: “interest is recoverable on debts arising ex con-tractu from the time they become due, unless otherwise stipulated.” Id. at p. 29, at 706.
We have calculated the award, including interest through July 1, 2003, to be $6,185,765.43. Finding each unauthorized disposal of saltwater by Shell to be a violation of the parties’ lease agreement, we calculated interest from Shell’s first unauthorized disposals of saltwater in 1956 based on the total number of barrels disposed of that year and each year thereafter. In Sharbono v. Steve Lang & Son Loggers, 97-110, p. 9 (La.7/1/97), 696 So.2d 1382, 1388 (emphasis added), the supreme court explained the purpose of prejudment interest and the time from which it is due:
*1255 [U]nderlying damages in, for example, actions ex delicto, are conceptually “due” throughout the pendency of the suit from the time the plaintiff makes judicial demand pursuant to R.S. 13:4203. That the precise “amount” due during that period is determined on the date of judgment has no effect on the simple fact that the defendant had the use of money to which the plaintiff was entitled since the time of judicial demand. So, too, with actions ex contractu — under C.C. art.1989, damages are conceptually “due” from the date of an active breach, or from the date the defendant is put in default in the case of a passive breach. The later determination of the actual “amount” due relates back to that earlier date to allow for precise calculation of the amount of interest actually due to make the plaintiff whole. In other words, in cases ex delicto and ex con-tractu, “prejudgment interest” is awarded to make an injured party whole by compensating that party for the time-value of money to which that party was entitled from the date set by the legislature, but over which the defendant, in retrospect, had|2wrongfully continued to exercise dominion and control while the suit was pending.
See also Thomas B. Catchings & Assoc. v. City of Baton Rouge, 621 So.2d 767 (La.1993) (“An obligee, therefore is entitled to interest from date of default rather than from the date of judgment or from date of judicial demand.”) and L & A Contracting Co., Inc. v. Ram Indus. Coatings, Inc., 99-354 (La.App. 1 Cir. 6/23/00), 762 So.2d 1223, writ denied, 00-2232 (La. 11/13/00), 775 So.2d 438 (awarding prejudgment interest from the date of the defendant’s earliest breach of the parties’ contract).
For these reasons, it is ordered, adjudged, and decreed that there be judgment in favor of Plaintiffs in the amount of $6,185,765.43 as of July 1, 2003, together with legal interest thereon until paid. Currently, interest accrues at the rate of $200.92 per day.
RENDERED.