WALTER J. ROTHSCHILD, Judge.
In this workers’ compensation case, the sole issue presented for our review is whether the workers’ compensation judge erred in denying claimant’s request for attorney’s fees and penalties for defendant’s alleged failure to timely approve a *715 necessary medical procedure. For the reasons stated herein, we affirm.
Dora Wilkerson was injured on December 14, 1999 while working as a department manager for Wal-Mart Stores, Inc. The employer accepted the injury as a compensable injury, authorized her treatment with Dr. Robert Mímeles and began paying her medical and indemnity benefits.
During the course of treatment, Dr. Mí-meles referred Ms. Wilkerson to a neurologist, Dr. William Johnston, for evaluation and treatment. Dr. Johnston found evidence of a ruptured disc in claimant’s low back, and recommended that Ms. Wilkerson undergo a myelogram and CT scan to determine whether surgery was required to remove the disc. This test was initially scheduled for February of 2000, but the test was cancelled. In May of 2000, Ms. Wilkerson’s condition began to worsen, and Dr. Johnston again | srecommended the myelogram and CT scan and sought authorization for the procedure from claimant’s employer.
In response, the employer requested that claimant obtain a second opinion by Dr. John Schuhmacher, and this examination occurred on September 13, 2000. Dr. Schuhmacher recommended that claimant submit to another MRI, and he did not specifically recommend the myelogram and CT scan procedure.
On November 9, 2000, Ms. Wilkerson filed a disputed claim for compensation on the basis that the employer failed to authorize the myelogram and CT scan as recommended by Dr. Johnston. Claimant also alleged she was entitled to attorney’s fees and penalties based on the employer’s failure to timely authorize this procedure.
On December 22, 2000, the employer moved to compel Ms. Wilkerson to submit to an IME, based on the conflicting reports from Dr. Johnston and Dr. Schuh-macher. The workers’ compensation judge ordered claimant to submit to an IME by Dr. John D. Jackson, a neurologist. Dr. Jackson evaluated claimant on January 29, 2001 and issued a report on February 16, 2001 in which he recommended that claimant have surgery to remove the ruptured disc in her back. In April of 2001, the employer authorized the surgery as recommended.
Although the employer approved the payment for surgery and subsequently authorized payment for the myelogram and CT scan, claimant pursued her claim for attorney’s fees and penalties for the employer’s failure to timely authorize this procedure which was required by Dr. Johnston before he would schedule the surgery. Claimant contends that authorization for this procedure was requested in May of 2000 and that employer’s refusal 14to authorize this procedure at the time it was requested was arbitrary and capricious.
Trial of this matter was held on February 18, 2002, and Dora Wilkerson testified that the reason she was unable to have surgery to correct her back problem was because of her employer’s failure to authorize the myelogram and CT scan required by Dr. Johnston. She stated that at no time did she refuse the myelogram. The workers’ compensation judge held the case open to allow defendant to take the deposition of Dr. Johnston.
Dr. Johnston’s deposition was taken on May 24, 2002 and the matter was submitted to the workers’ compensation judge on June 26, 2002. Following the submission of post-trial memoranda, the workers’ compensation judge rendered judgment in favor of defendant on July 29, 2002 denying the claim for penalties and attorney’s fees. Claimant subsequently filed a motion for new trial which was granted by the workers’ compensation judge on a limited *716 basis for argument only. Oral argument on the new trial was held on March 13, 2003, and by judgment dated March' 14, 2003, the workers’ compensation judge denied modification of the previous judgment dated July 29, 2002. The workers’ compensation judge also assigned detailed reasons for judgment.
It is from this judgment that Dora Wilkerson now appeals. Ms. Wilkerson contends on appeal that the workers’ compensation judge erred in denying her claim for attorney’s fees and penalties where defendant failed to timely authorize the medical procedure and failed to present evidence that the medical procedure sought by claimant was not medically necessary.
An employer has the statutory duty to furnish all necessary and related medical expenses caused by a work-related injury. LSA-R.S. 23:1203. An employer’s failure to authorize a medical procedure for an employee [sotherwise eligible to receive workers’ compensation is deemed to be the failure to furnish compensation benefits, thereby triggering the penalty provisions of the Louisiana Workers’ Compensation Act. Failure to furnish benefits is permissible only when the claim has been “reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” La. R.S. 23:1201(F)(2). Awards for penalties and attorney fees are governed by La. R.S. 23:1201(F). Adams v. Bayou Steel Corp., 01-1392 (La.App. 5 Cir. 4/10/02), 813 So.2d 1285, 1292. Awards of penalties and attorney’s fees in workers’ compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Id.; Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382.
In its reasons for judgment, the workers’ compensation judge stated as follows:
The Court rules that Employer was not arbitrary and capricious in the delay associated with the myelogram and CT scan, and that Claimant and her attorney are not entitled to penalties and attorney’s fee. If anything, the delays seem to have resulted almost entirely from the uncommunicativeness of her treating physician and unresponsiveness of her counsel.
Employer was entirely reasonable in seeking a second medical opinion after it could get no justification from Dr. Johnson [sic] for reordering a myelogram after Wilkerson refused the test the first time. The delays caused following the IME report were primarily caused by Claimant’s unwillingness to be examined by her own treating physician, leading to her having to be compelled to do so.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly-wrong standard of appellate review. In applying the manifest error-clearly-wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97), 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 551, 556. “Thus, if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Seal; Banks, quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Regarding the issue of whether the employer unreasonably delayed authorization for payment of the- procedures recommended, claimant testified at trial that she *717 at first refused to undergo the myelogram and CT scan recommended by Dr. Johnston because she was “feeling better.” However, she testified that Dr. Johnston later recommended the procedure a second time when her condition worsened, but she was told the procedure was not authorized by her employer. She also stated that she was not certain that she wanted to have back surgery, and that Dr. Johnston informed her that surgery was the next step following the myelogram and CT scan. The workers’ compensation judge heard the testimony of claimant at the trial of this matter and apparently concluded that the employer’s delay in authorizing the procedure was not the reason that claimant did not undergo a myelogram and CT scan. Our review of the record shows that this conclusion is amply supported by the evidence.
The deposition testimony of Dr. Johnston shows that the myelogram and CT scan he recommended were initially authorized by claimant’s employer, but claimant refused to submit to the procedure. Dr. Johnston requested authorization for the procedure a second time in May of 2000, and claimant’s employer requested a second medical opinion. Once the second opinion was obtained in September of 2000, the employer moved the court |7in December of 2000 to compel claimant to submit to an independent medical exam and this was ordered by the worker’s compensation judge on January 3, 2001. The IME report was issued in February of 2001, and the employer authorized surgery as recommended therein in April of 2001.
With regard to the pre-surgery procedure recommended by Dr. Johnston, evidence in the record shows that once the second opinion and IME were obtained, the employer attempted to authorize the medical procedure. However, the employer was unable to do so because of inaction by claimant and her counsel. The record contains correspondence from defendant’s attorney to the attorney for claimant dated July 30, 2001, August 10, 2001 and August 28, 2001 which requested medical documentation from Dr. Johnston regarding his second request for a myelogram and CT scan. On November 9, 2001, the employer filed a motion to compel the employee to submit to a medical examination by Dr. William Johnston, noting that claimant had missed several appointments with that physician. On November 26, 2001, the workers’ compensation judge signed a consent judgment whereby the parties agreed that claimant would submit to an examination by Dr. Johnston on November 28, 2001 or be subject to sanctions for her failure to appear. The record shows that Ms. Wilkerson saw Dr. Johnston on November 28, 2001, and the doctor’s notations from that evaluation show that claimant declined to submit to the myelogram and CT scan as recommended. Dr. Johnston stated in his deposition that the final time he saw claimant in February of 2002, she declined to submit to the myelogram and CT scan.
Based on the record before us, we conclude that the workers’ compensation judge determination that the employer’s actions were reasonable is supported by the record. We find no manifest error in the ^workers’ compensation judge’s finding that the employer acted reasonably in requesting a second opinion and IME after the medical procedure was refused by claimant the first time. Further, we find that the record supports the workers’ compensation judge’s finding that the delay in authorizing the procedure was due to inaction of claimant and her counsel rather than to inaction on the part of the employer.
In the present case, the workers’ compensation judge found that the employer *718 was not arbitrary and capricious in the delay associated with the myelogram and CT scan and therefore claimant was not entitled to penalties or attorney’s fees. We have carefully reviewed the record in this matter, and fail to find this determination to be manifestly erroneous.
Accordingly, for the reasons assigned herein, the judgment dismissing Dora Wilkerson’s claim for penalties and attorney’s fees is affirmed. Ms. Wilkerson is to bear all costs of this appeal.

AFFIRMED.