1 JAMES L. CANNELLA, Judge.
Defendant, Wal-Mart Stores, Inc. (Wal-Mart), appeals from a judgment of the Office of Workers’ Compensation in favor of the Plaintiff, Cathy Hughes (Hughes), for temporary total benefits, medical and transportation expenses, penalties and attorney fees. For the reasons which follow, we affirm in part and reverse in part.
Hughes had been employed by Wal-Mart for seven years prior to the accident that occurred at 9:45 A.M. on October 19, 2001. Hughes contends that she hurt her back when she picked up a second case of candied yams. Shortly thereafter, she went on break and several of her co-workers observed her apparent pain and were informed of the occurrence. Hughes informed her manager of the event but did not fill out a report on the accident on that date. However, finding no relief over the weekend, and in fact having the pain worsen, Hughes went to Charity Hospital on October 23, 2001 for treatment of her back and leg pain. She was advised to rest for a couple of days, which she did. She tried to go back to work but was still in too much pain. A co-worker recommended that she see a chiropractor, Dr. Victor Flynn. Dr. Flynn put Hughes on “no-work” status and [ ¡¡referred her to an orthopedist. Dr. Flynn contacted the claims adjuster for Wal-Mart, Laura Garrison (Garrison), requesting approval for Hughes to see Dr. Daniel Gallagher. Hughes thought that the approval had been given but when she arrived at Dr. Gallagher’s office, she was informed by his staff that they had not received approval. Hughes was not seen by the doctor that day. Approval was again sought by Dr. Flynn and secured prior to her December 12, 2001 visit to Dr. Gallagher. Dr. Gallagher continued the “no-work” status and reported to Garrison recommending an *720 Magnetic Resonance Imaging (MRI). The MRI was not approved and Wal-Mart did not pay Dr. Gallagher’s bill. Wal-Mart thereafter requested that Hughes see their physician, Dr. Robert Steiner. Dr. Steiner agreed with Dr. Gallagher’s diagnosis and also recommended an MRI, but Wal-Mart again refused approval. Hughes remained in extreme pain and no physician released her to return to work.
Plaintiff filed a claim with the Officer of Workers’ Compensation. Following a trial, judgment was rendered in favor of Hughes finding that she had been “injured by an accident during the course and scope of her employment on October 19, 2001.” The judgment further held that Hughes was entitled to temporary total disability benefits from October 19, 2001, the date of the accident, through the present, as well as medical, medication and transportation expenses. It was also found that Wal-Mart was liable for penalties in the amount of $4000 and attorney fees in the amount of $4000 for its arbitrary and capricious refusal to pay benefits. It is from this judgment that Wal-Mart appeals. On appeal, Wal-Mart assigns three errors.
First, Wal-Mart argues that the trial court erred in finding that Hughes sustained an accident while in the course and scope of her employment as provided by La. R.S. 23:1021(A). Wal-Mart argues that the claimant, to be successful in her claim, bears the burden of establishing that she sustained an injury by an accident 14arising out of the course and scope of her employment, that she is disabled, and that the disability is related to the injury sustained in the work related accident. WalMart argues that the trial court erred in finding that Hughes met her burden of proof.
Hughes argues to the contrary that Wal-Mart’s argument, addressing the Workers’ Compensation Judge’s factual determinations, is governed by the manifest error rule and in this case the Workers’ Compensation Judge’s findings are amply supported by the record. The findings are not clearly wrong.
It is well settled that appellate review of the Workers’ Compensation Judge’s assessment of the evidence is governed by the manifest error standard. Wise v. H.B. Zachary Co., 00-3 (La.App. 5th Cir.4/25/00), 760 So.2d 500. An appellate court is prevented from reversing a trial court’s findings of fact in the absence of manifest error or unless it is found to be clearly wrong despite the fact that the appellate court might have weighed the evidence differently. Stobart v. State of Louisiana DOTD, 617 So.2d 880 (La.1993).
In this case, we find that the assessment of the evidence by the Workers’ Compensation Judge, as reflected in the judgment, is supported by the record. Hughes, a seven year employee in good standing with Wal-Mart at the time of the accident, testified regarding the specific details of the work accident, including the time, 9:45 A.M., date of October 19, 2001, and circumstances. Her testimony was corroborated in part by her co-employees, two of whom, Tam McCallon and Karen Bolar, testified that they witnessed her in pain shortly after the incident and throughout the day, and a third, Arthur Brown, who testified that he helped her to the front of the store that day because of her pain. Additionally, a fourth co-employee, Karen Bruce, who attended the Wal-Mart volunteer program at City Park the following day with Hughes, testified that she remembered Hughes stating that the reason she was late that morning was because she was in so much pain.
|,/The main thrust of Wal-Mart’s argument herein is that Hughes did not file a report on the accident with Wal-Mart su *721 pervisory personnel on the day it happened and the initial treating physician’s report did not include the fact that her injury stemmed from a work accident that occurred on October 19, 2001. However, we do not find the delayed report determinative of whether there was a work accident on October 19, 2001.
Hughes explained that she did tell her manager of the occurrence at the time, but she did not fill out a report on the accident that day because it was not unusual to pull a muscle and have it resolve itself in a day or two. Other employees corroborated this. They testified that they often do heavy lifting at work that strains their backs and they don’t fill out a report each time because it usually resolves after a day or two of taking Aleve. In other words, Hughes simply did not realize at the time how serious her injury was. However, this time, her pain continued to worsen instead of resolving.
Further, the jurisprudence does not support Wal-Mart’s argument. To the contrary, it has been held that an employee that finishes the work day without reporting an accident which occurred during that day is not barred from receiving workers’ compensation since the full consequences of the disabling accident are not always apparent when the injury occurs. Smith v. Radisson Suite Hotel New Orleans, 94-626 (La.App. 5th Cir.1/18/95), 650 So.2d 338. A workers’ compensation claimant is not barred from recovery because he or she did not immediately realize the full extent of his or her work-related injury when it happened. Joseph v. J.E. Merit Constructors, Inc., 01-166 (La.App. 1st Cir.6/21/02), 822 So.2d 72.
Hughes identified the exact time and circumstances of the work related accident that gave rise to her disabling injury. She was able to work before this occurrence and not able to work after it. Her coworkers corroborated Hughes | ^testimony. No physician released Hughes to return to work. While the initial doctor’s report did not refer to the October 19th lifting incident, it did list the date of the incident as October 18th and Hughes testified that she told the doctor about the lifting incident on the 19th and she did not know why he did not write it down. Based on the foregoing, we find no manifest error in the Workers’ Compensations Judge’s factual determination that Hughes suffered a work related accident on October 19, 2001 that caused her current disability.
Next, Wal-Mart argues that the Workers’ Compensation Judge erred in finding that Hughes suffered a work related accident on October 20, 2001 while doing volunteer work at City Park.
Hughes argues, contrary to Wal-Mart, that the Workers’ Compensation Judge did not find that the work related injury occurred on October 20, 2001. Rather, it was held that the work related injury occurred on October 19, 2001, as discussed above. In the alternative, Hughes argues that if the Court does find that the events of October 20, 2001 contributed to her disability, then the Workers’ Compensation Judge’s finding that the “volunteer” work she was doing on October 20, 2001 was work related in that it arose from her employment with Wal-Mart, is not clearly wrong. Her argument is supported, she points out, by her own testimony that she did not do any heavy lifting on October 20, 2001 and the testimony of Bruce that Hughes complained of pain from the event that occurred the day before as soon as Hughes picked up Bruce. Moreover, Hughes points out that the record clearly supports the finding that the activities that Hughes was involved in on October 20, 2001 were work related.
Upon review, we find that, as discussed above, the record supports the Workers’ *722 Compensation Judges’ finding that Hughes did suffer a work related accident on October 19, 2001 that caused her disabling condition. Hughes testified 17that she did not do any heavy lifting on October 20, 2001 and her complaints of pain before any activity on that date were corroborated by her co-employees.
Nevertheless, we also find that Hughes’ activities on October 20, 2001, an unpaid worker at City Park, did arise out of her employment. In Jackson v. American Ins. Co., 404 So.2d 218 (La.1981) the Supreme Court referred to three factors in considering whether recreational or social activities engaged in by an employee arise out of or in the course of his employment:
(1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or
(2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or
(3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.
The record in this case indicates that Wal-Mart committed to doing the project. It provided all the necessary supplies for the project and the workers. Hughes’ supervisor requested that she participate in the City Park activities. Hughes was assigned by her supervisor as a “sponsor” in charge of securing the attendance of the “volunteers” at the event. There was a sign-in sheet. She was given a Wal-Mart T-shirt to wear. Her employer provided the food and drinks for the day. The workers were only allowed a 15 minute break during the day. And, her employer benefited from the work being done. Based on these factors, we find no error in the Workers’ Compensation Judges’ determination that the activities Hughes engaged in on October 20, 2001, to the extent that the may have exacerbated her injuries from the day before, were work related.
Finally, Wal-Mart argues that the Workers’ Compensation Judge erred in finding that the claim was not reasonably controverted, that it was arbitrary and capricious, and that Wal-Mart was liable for penalties and attorney fees. Wal-Mart |Rargues that the dispute as to Hughes’ entitlement to benefits was a bona fide one and that penalties and attorney fees were wrongfully awarded in this ease simply because the employer lost the case. We agree.
The assessment of penalties and attorney fees by the Workers’ Compensation Judge is a factual question which is not to be disturbed on appeal in the absence of manifest error. Barbarin v. TLC Home Health, 02-1054 (La.App. 5th Cir.4/29/03), 845 So.2d 1199. Awards of penalties and attorney’s fees in workers’ compensation cases are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. See International Harvester Credit v. Seale, 518 So.2d 1039, 1041 (La.1988). The fact that an employer may be subjectively motivated to avoid paying compensation is not determinative. Neither is the fact that an employer loses a disputed claim. Sharbono, 97-0110 at 11, 696 So.2d at 1389 (penalties and fees are never assessed automatically against the losing party); Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41 at 46.
*723 The record shows that Garrison investigated the accident. She received, conflicting information regarding when and how the injury occurred and whether it occurred while she was at work. Hughes did not report the accident to her employer when it occurred. Hughes also did not report the work related accident to her physician as the cause of her injury. This case was seriously contested on both factual and legal issues. Based on our review of the record, we find manifest error in the award by the Workers’ Compensation Judge of penalties and attorney fees and set aside those awards.
| ¡Accordingly, for the foregoing reasons, we affirm the judgment rendered by the Workers’ Compensation Judge finding that Hughes suffered a work related accident on October 19, 2001 that caused her current disability, awarding her temporary total disability benefits, medical and transportation expenses. The award of penalties and attorney fees of $4000 each is hereby vacated and reversed. Costs of the appeal are to be paid by Wal-Mart.
AFFIRMED IN PART AND REVERSED IN PART.