STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-781


RICHARD STERLING

VERSUS

ASPLUNDH TREE EXPERT CO.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT # 4
PARISH OF LAFAYETTE, NO. 00-05514
HONORABLE SHARON MORROW, WORKERS' COMPENSATION
JUDGE

**********

JOHN B. SCOFIELD
JUDGE
**********

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,
Judges.[*]

AFFIRMED.


Michael B. Miller
Miller & Miller
P. O. Drawer 1630
Crowley, LA 70527-1630
Counsel for Plaintiff/Appellant:
    Richard Sterling

Christopher R. Philipp
Attorney at Law
P. O. Box 2369
Lafayette, LA 70502-2369
Counsel for Defendant/Appellee:
    Asplundh Tree Expert Co.

---

[*]Honorable John B. Scofield participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

SCOFIELD, Judge.[1]

This case comes to us after rulings on two post-judgment motions. Claimant, Richard Sterling, appeals the decision of an office of workers' compensation judge (WCJ) in favor of Defendant, Asplundh Tree Expert Co. (Asplundh), dismissing Claimant's petition for additional post-judgment penalties and attorney's fees. Asplundh answered the appeal arguing that the WCJ erred in ruling that Claimant had not forfeited his right to benefits under La.R.S. 23:1208. We affirm the decision of the WCJ.

## FACTUAL AND PROCEDURAL HISTORY

Claimant worked for Asplundh for six years before the accident of September 1999, which gave rise to this litigation. Following the accident, Asplundh paid Claimant's full wages until February 12, 2000. Thereafter, Claimant filed a claim for benefits, penalties and attorney's fees. The WCJ ruled in favor of Claimant on all issues, and Asplundh took a suspensive appeal to this court which fully affirmed the judgment of the WCJ. *Sterling v. Asplundh Tree Expert Co.*, 03-266 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, *writ denied*, 03-3017 (La. 1/30/04), 865 So.2d 79.[2]

On October 31, 2003, Asplundh applied for writs of certiorari to the supreme court seeking a reversal of one relatively minor aspect of this court's earlier ruling. In that writ application, Asplundh argued that Claimant's paid vacation and holidays should not have been included in calculating Claimant's weekly compensation benefits. If Asplundh's application for writs had been successful, it would have

---

[1]Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

[2]In the previous decision of this court, we affirmed the trial court's award to the Claimant, including $283.85 per week in supplemental earning benefits; costs of payments for reasonable medical treatment related to his back injury; $4,000.00 in penalties; $10,950.00 in attorney's fees; and expenses in the sum of $737.01.

1

resulted in a reduction of weekly benefits payable to Claimant from $283.85 per week to $270.00 per week.

On January 20, 2004, Claimant filed a motion with the WCJ seeking penalties and attorney's fees because of Asplundh's alleged failure to timely pay that part of the earlier judgment which had _not_ been the subject of Asplundh's writ application. Claimant contends that since only the $13.85 difference in the weekly compensation benefits remained a viable issue, the entire remainder of the judgment became final and was payable within thirty days from this court's earlier October 1, 2003 ruling.[3] The WCJ denied Claimant's motion.

Asplundh's post-trial motion, which is also the subject of this appeal, was filed on February 11, 2004. In that motion, Asplundh complains that included in the medical bills sent to Asplundh by Claimant, pursuant to the earlier decision of this court, were bills pertaining to Claimant's unrelated hernia operation. Asplundh's motion contends that the submission of these unrelated medical bills for payment represented a willful, false statement and claim and thus Claimant's benefits should be forfeited pursuant to La.R.S. 23:1208. This motion was denied by the WCJ.

Claimant appeals the decision of the WCJ, and Asplundh has answered the appeal re-urging its motion.

**DISCUSSION**

We first address Claimant's motion wherein he contends that all facets of the earlier judgment, with the exception of the subject matter of Asplundh's writ application, were payable within thirty days from October 1, 2003, the date of the earlier decision by this court. Claimant contends that once this thirty-day period

---

[3]Asplundh's writ application to the supreme court was denied on January 30, 2004. The full amount of the judgment was paid by Asplundh within thirty days after this writ denial.

expired, Asplundh had no further recourse to challenge any aspect of the earlier decision other than the subject of the writ application; therefore, as to that portion of the judgment which was not the subject of the writ application, it became final and payable.

Asplundh contends that there is no provision in the law allowing portions of a judgment to become final on a piecemeal basis. According to Appellee, when an application for writs of certiorari to the supreme court is timely made, the entire judgment is suspended until the supreme court disposes of the writ. In support of this contention, Asplundh cites La.Code Civ.P. art. 2166, which provides in pertinent part:

> A. . . . The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.
>
> . . . .
>
> E. If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari.

We agree with Appellee that La.R.S. 23:1201(G) pertains to a "final, non-appealable judgment" and that there is nothing in the law suggesting that this provision should somehow be interpreted to mean that only those portions of a judgment which are the precise subject of a writ application would be suspended pending their disposition by the supreme court. Moreover, since this statute is penal in nature, it must be strictly construed by the courts. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, 02-442, 02-478 (La. 1/14/03), 836 So.2d 14; *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41; *Sharbono v. Steve Lang & Son Loggers*, 97-0110 (La. 7/1/97), 696 So.2d 1382. Although Claimant's arguments

contain some logic, this court cannot read into this penal statute that which is not provided in the wording of the statute itself.

We now turn to Asplundh's motion to suspend benefits because Claimant submitted to it medical expenses unrelated to the injuries of which Claimant complains in this lawsuit. Asplundh's motion is based upon La.R.S. 23:1208, which provides in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

> B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.

> . . . .

> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

Asplundh brings to our attention the case of *Resweber v. Haroil Const. Co.*, 94-2708, 94-3138, p. 7 (La. 9/5/95), 660 So.2d 7, 12, which provides:

> Section 1208 is clear and unambiguous and as such will be applied as written. La.Civ.Code art. 9; La.R.S. 1:4. Section 1208 clearly applies to *any* willful false statements or representations made "for the purpose of obtaining or defeating any benefit or payment." Section 1208 has no language limiting it to only certain types of false statements, *i.e.*, statements other than those relating to prior injuries. The legislature has imposed no notice requirement in Section 1208, apparently being of the opinion that any claimant should be on notice that false statements made willfully for the purpose of obtaining workers' compensation benefits will not be tolerated and will result in the forfeiture of those benefits. The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.

Asplundh contends that pursuant to the earlier judgment awarding reasonable medical treatment for Claimant's back injury, Claimant sent to Asplundh a "bundle" of medical bills which included a substantial amount of charges relating to hernia surgery undergone by Claimant. There seems to be no dispute that these charges pertaining to the hernia condition are unrelated to the claims at issue in this lawsuit and that they should not be paid by Asplundh.[4]

It would seem that Asplundh has satisfied the first of the three-prong requirements set forth in *Resweber*, *i.e.*, there has been a "false statement or representation" in the submission to Asplundh of the costs related to the hernia matter.

Asplundh has failed, however, in proving the second prong of *Resweber*, *i.e.*, that the representation was "willfully made" by Claimant or his counsel. The WCJ denied this motion on this ground, stating that there had been no proof that Claimant or his counsel willfully made this false representation. Asplundh argued that certain "white outs" on the medical bills suggest a willful misrepresentation. The WCJ, however, stated that it was clear to her that these white outs were made by the hospital, not by Claimant or his counsel. Indeed, at the hearing before the WCJ on this issue, counsel for Asplundh stated that he was not suggesting that Claimant's counsel wrongfully misrepresented the medical costs. Furthermore, there is no proof in the record that Claimant, himself, had any personal involvement in submitting these bills to Asplundh. Consequently, there is no proof that either Claimant or his counsel willfully intended to make false statements regarding the medical bills.

---

[4]In the earlier decision of this court, Claimant's hernia condition is mentioned, and it is made clear therein that the condition pre-existed the injury which is the subject of this lawsuit. *See Sterling,* 856 So.2d 125.

For these reasons, we affirm the WCJ's denial of both of the motions in question. Court costs are to be divided by the parties.

**AFFIRMED.**