STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-615

NANCY ROBINSON

VERSUS

CALCASIEU PARISH SCHOOL BOARD

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 09-07555
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

Christopher M. Trahan
Raggio, Cappel, etc.
P. O. Box 820
Lake Charles, LA 70602
(337) 436-9481
Counsel for Defendant/Appellant:
Calcasieu Parish School Board

**Marcus Miller Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Plaintiff/Appellee:**
**Nancy Robinson**

**SAUNDERS, Judge.**

This is a workers' compensation case wherein the claimant contended that the employer's termination of her workers' compensation benefits was unwarranted. Claimant, in the course and scope of her work, was attacked by a student, who struck her in the head with a roasting pan. As a result of the attack, claimant contends that she suffered both physical and mental injuries.

After receiving benefits for a period of time, based on medical evidence from two physicians that claimant could return to work without restrictions, the employer terminated workers' compensation benefits. Claimant was also treated by various other physicians who opined that she could return, but with restrictions. Claimant was never offered a job by the employer that adhered to those restrictions.

The workers' compensation judge (WCJ) found that claimant had a preexisting condition due to her being subjected to domestic abuse some years prior and that the incident with the student had exacerbated that condition. It awarded claimant workers' compensation benefits, but did not award her penalties and attorney's fees.

Both the employer and claimant assign errors. As an ancillary matter, claimant requests attorney's fees for work done on this appeal. We affirm the WCJ's judgment in its entirety and deny claimant attorney's fees for work done on appeal.

**FACTS AND PROCEDURAL HISTORY:**

Claimant, Nancy Robinson (Ms. Robinson), is a tenured teacher who was employed by the Calcasieu Parish School Board (CPSB) since 1977. On December 1, 2008, Ms. Robinson was an acting principal at Pearl Watson Elementary School in Lake Charles. She was injured on that date when struck on

the forehead with a pot wielded by an emotionally disturbed student. Both Ms. Robinson and the CPSB stipulated to the work accident.

Ms. Robinson received emergency room care on the date of the injury. Thereafter, she was treated by Dr. Carolyn Hutchinson, a family practitioner, for her physical and mental injuries. After treating Ms. Robinson, Dr. Hutchinson recommended that she be evaluated by Dr. Reynard Odenheimer, a neurologist. Dr. Odenheimer suggested that Ms. Robinson undergo several tests and opined that she should not return to work until those tests were performed. Dr. Hutchinson disagreed with Dr. Odenheimer regarding the necessity of the tests and opined that Ms. Robinson could return to work, ideally at a new location with limited student contact.

Ms. Robinson was also treated by Lloyd Kelley, a social worker, for her mental injuries. Mr. Kelly opined that Ms. Robinson could return to work in an administrative position with limited disciplinary function. Ms. Robinson was also evaluated, at the CPSB's request, by Dr. Leonard Hershkowitz, a neurologist, and Dr. Robert Davis, a neuropsychologist. Both Drs. opined that Ms. Robinson could return to work. Dr. Davis also noted clears signs of symptom magnification or exaggeration. Finally, Ms. Robinson was treated by Dr. Joseph Sesta, a neuropsychologist of her choice. Dr. Sesta opined that Ms. Robinson could return to work given that the work had limited contact with students.

The CPSB paid Ms. Robinson weekly workers' compensation benefits until August 18, 2009. On that date, the CPSB ceased her wage benefits, but continued to pay her medical expenses.

Ms. Robinson filed a disputed claim for compensation on September 3, 2009. The CPSB answered on September 14, 2009.

A trial was held on October 20, 2010. After taking the matter under advisement, on March 10, 2011, the WCJ ruled that the CPSB improperly terminated payment of weekly benefits because the medical evidence was such that Ms. Robinson could return to work with restrictions but that the CPSB failed to offer her a job fitting those restrictions. The WCJ also denied penalties and attorney's fees holding that the CPSB's decision was based on medical evidence. The CPSB appealed, alleging two assignments of error. Ms. Robinson responded, alleged an assignment of error, and asked for attorney's fees for work done on appeal.

## ASSIGNMENTS OF ERROR CPSB:

1. The WCJ failed to apply the heightened burden of proof required by La.R.S. 23:1021(8)(c) for a claimed mental illness caused by physical injury.

2. The WCJ committed manifest error in apparently concluding that Ms. Robinson proved she was suffering from a "disability" so as to be entitled to weekly workers' compensation benefits.

## ASSIGNMENT OF ERROR ROBINSON:

1. The WCJ erred in failing to award Robinson penalties and attorney's fees given the arbitrary and capricious termination of indemnity benefits on August 18, 2009, and the employer's unreasonable denial of the request for the cervical MRI.

## ASSIGNMENT OF ERROR CPSB NUMBER ONE:

The CPSB, in its first assignment of error, alleges that the WCJ failed to apply the heightened burden of proof required by La.R.S. 23:1021(8)(c) for a claimed mental illness caused by physical injury. We do not agree.

This assignment of error alleges that the WCJ committed an erroneous application of the law, i.e. an error of law, which is subject to a de novo review. *Miller v. Blacktype Farms*, 06-1202 (La.App. 3 Cir. 3/7/07), 952 So.2d 867.

3

The CPSB does not argue that the WCJ used the incorrect burden of proof. Rather, its sole argument is that the WCJ, in her reasons for ruling, did not "ever address the issue of whether Ms. Robinson had proven her case by 'clear and convincing evidence.'"

The signed judgment in the case before us simply states, "the employer improperly terminated Nancy Robinson's worker's [sic] compensation indemnity benefits." There is no evidence in this judgment or anywhere in the record that the WCJ used the incorrect burden of proof.

Moreover, this court is not aware of, nor has the CPSB directed our attention towards, any requirement that a lower court specifically reference what burden of proof it required in order to reach its determination. Accordingly, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR CPSB NUMBER TWO:**

In its final assignment of error the CPSB asserts that the WCJ committed manifest error in concluding that Ms. Robinson proved she was suffering from a disability so as to be entitled to weekly workers' compensation benefits. This assertion is without credence.

Whether an employee is totally and permanently disabled is a question of fact subject to the manifest error, clearly wrong standard of review. *Landry v. City of Scott*, 10-47 (La.App. 3 Cir. 6/2/10), 40 So.3d 428.

After a thorough review of the record, we find ample evidence to support the WCJ's conclusion that Ms. Robinson is entitled to workers' compensation benefits. The WCJ found that Ms. Robinson was able to return to work with restrictions and that she was not offered any employment in a capacity that met those restrictions. Dr. Hutchinson initially treated Ms. Robinson. Dr. Hutchinson, felt that Ms.

4

Robinson could return to work, "at another location, ideally with limited student contract."

Thereafter, upon referral by Dr. Hutchinson, Ms. Robinson was seen by Dr. Odenheimer. He recommended that Ms. Robinson undergo several tests and that she should not return to work absent the performance of those tests. Many of those tests where not approved by the CPSB based on the recommendation of Dr. Hutchinson. Thus, Dr. Odenheimer has not released Ms. Robinson to return to work to date.

Thereafter, Dr. Sesta became Ms. Robinson's treating physician and opined that the stipulated to work-related accident exacerbated Ms. Robinson's preexisting condition. Dr. Sesta stated that Ms. Robinson could return to work with the caveat that her contact with students be restricted.

Finally, Mr. Kelly saw Ms. Robinson. He recommended that she return to work with limited contact with students, preferably in an administrative position with no disciplinary role.

The CPSB did not offer Ms. Robinson any position that took these recommendations into consideration. Rather, it simply told Ms. Robinson to apply for teaching positions.

Given this evidence in the record, we find the WCJ's determination that Ms. Robinson is entitled to workers' compensation benefits is reasonable. Accordingly, we affirm the WCJ's judgment.

We note that the assignment of error questions Ms. Robinson's entitlement to weekly workers' compensation benefits and does not address which type of workers' compensation benefits, i.e. supplemental earnings benefits versus other types of benefits, to which Ms. Robinson is entitled. As such, the opinion is silent on this matter.

5

## ASSIGNMENT OF ERROR MS. ROBINSON NUMBER ONE:

Ms. Robinson contends that the WCJ erred in failing to award her penalties and attorney's fees given the arbitrary and capricious termination of indemnity benefits on August 18, 2009, and the employer's unreasonable denial of the request for the cervical MRI. We find no merit to this contention.

A WCJ's has great discretion in choosing whether to award penalties and attorney's fees. *Gradney v. Louisiana Commercial Laundry*, 09-1465 (La.App. 3 Cir. 5/12/10), 38 So.3d 1115. This determination is not to be disturbed absent manifest error. *Id.*

Here, the WCJ chose not to award Ms. Robinson penalties or attorney's fees. It denied them because the CPSB terminated Ms. Robinson's benefits based upon medical evidence from Dr. Davis, who opined that Ms. Robinson could return to work with no restrictions. Dr. Davis found no evidence of a severe, disabling depressive or anxiety disorder and also noted clear signs of symptom magnification or exaggeration. Given the great discretion given to the WCJ and the solid basis for its determination, we find no error by the WCJ in denying penalties and attorney's fees.

## ANCILLARY MATTER:

Ms. Robinson asked this court for attorney's fees for work done on this appeal. We deny this request.

> As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. *Sharbono v. Steve Lang & Son Loggers*, 97-0110, p. 7 (La.7/1/97), 696 So.2d 1382, 1386. An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. *Id.* Awards of attorney fees in workers' compensation cases are essentially penal in nature, and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees. *J.E. Merit Constructors, Inc. v. Hickman*, 00-0943, p. 5 (La.1/17/01), 776 So.2d 435, 438; *Williams v. Rush Masonry, Inc.*, 98-2271, p. 8-9

6

(La.6/29/99), 737 So.2d 41, 46; *Sharbono* at p. 7, 696 So.2d at 1386. Although the benefits in the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. *Williams* at p. 9, 737 So.2d at 46.

*Langley v. Petro Star Corp. of La.*, 01-198, pp.3-4 (La. 6/29/01), 792 So.2d 721, 723.

"When an award for attorney's fees is granted at a lower court level, the recipient of those fees is entitled to additional fees for work done on appeal. This keeps the appellate judgment consistent with the underlying judgment." *McFadden v. Import One, Inc.*, 10-952, p. 16 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212, 1223 (citing *Brookshire Grocery Store v. Wilczewski*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170.)

Here, the WCJ found that the CPSB reasonably controverted Ms. Robinson's disputed claim for workers' compensation under La.R.S. 23:1201(F)(2). We upheld this discretionary finding in Assignment of Error Robinson Number One above. Thus, while Ms. Robinson's attorney has performed additional work on appeal, we are not authorized by any applicable statute or contract to award attorney's fees, nor are attorney's fees necessary in order to be consistent with the judgment below. Accordingly, we deny Ms. Robinson's request for attorney's fees for work done on appeal.

## CONCLUSION:

The Calcasieu Parish School Board raises two assignments of error. It contends that the WCJ failed to apply the heightened burden of proof required by La.R.S. 23:1021(8)(c), for a claimed mental illness caused by physical injury and that the WCJ committed manifest error in apparently concluding that Nancy

Robinson proved she was suffering from a "disability" so as to be entitled to weekly workers' compensation benefits. We found no merit to these assignments.

Further, Nancy Robinson raises one assignment of error and one ancillary matter. She contends that the WCJ erred in failing to award her penalties and attorney's fees given the arbitrary and capricious termination of indemnity benefits on August 18, 2009, and the Calcasieu Parish School Board's unreasonable denial of the request for the cervical MRI and that she is also entitled to attorney's fees for work done on appeal. Again, we found no credence to these arguments.

Accordingly, we affirm the WCJ's judgment in its entirety. Each party is to pay its own costs for these proceedings.

**AFFIRMED.**