# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1148

**DELORIS K. STENSON**

**VERSUS**

**PAT'S OF HENDERSON SEAFOOD**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DIVISION THREE
PARISH OF CALCASIEU, NO. 08-22208
HONORABLE CHARLOTTE BUSHNELL,
WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

**AFFIRMED.**

**Michael D. Bass, Attorney at Law**
**P. O. Drawer 1329**
**Opelousas, LA  70571-1329**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
   Pat's of Henderson Seafood and Louisiana Retailers Mutual Insurance
   Company

**Mark Zimmerman, Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA  70605**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   Deloris K. Stenson

**PAINTER, Judge.**

In this workers' compensation case, the employer appeals the Workers' Compensation Judge's (WCJ) award of indemnity benefits and medical expenses. The employee appeals the WCJ's denial of penalties and attorney fees. She also asks for an award of attorney fees for work done on appeal. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Claimant, Deloris K. Stenson, was employed as a server at Pat's of Henderson restaurant. She began working at Pat's of Henderson on or about May 20, 2008, and she signed a drug test policy. On July 8, 2008, she was working the lunch shift and tripped over a box of potatoes in the "prep area." She broke her left wrist in the fall. Immediately after the accident, she was taken to the emergency room. Pursuant to company policy, she was drug tested at that time. She tested positive for marijuana and Xanax. Pat's of Henderson and its insurer, Louisiana Retailers Mutual Insurance Company, paid only the emergency room bill and denied all other benefits based on the positive drug test.

Stenson never returned to work at Pat's of Henderson. However, she did return to work at McDonald's in August of 2009, making approximately her pre-injury wage. The parties stipulated that the July 8, 2008 accident occurred in the course and scope of Stenson's employment with Pat's of Henderson. Following trial, the WCJ found that intoxication was not a contributing cause of the accident and awarded temporary total disability benefits and medical benefits from the date of the accident until she returned to work on August 17, 2009. The WCJ denied Stenson's claim for penalties and attorney fees. Defendants now appeal, asserting that the WCJ erred in failing to consider whether Stenson was intoxicated due to Xanax and in finding that Stenson had overcome the presumption of intoxication. Stenson appeals, asserting that the WCJ erred in denying her claim for penalties and attorney fees and seeking

attorney fees for additional work done on appeal. For the reasons that follow, we affirm the ruling of the WCJ in its entirety.

## DISCUSSION

In their first and second assignments of error, Defendants contend that the WCJ committed legal error in refusing to consider whether Stenson was intoxicated due to Xanax and that the WCJ committed manifest error in not finding that they had proven intoxication. Errors of law in a workers' compensation case are reviewed de novo. *Balseiro v. Castaneda-Zuniga*, 04-2038 (La.App. 4 Cir. 8/17/05), 916 So.2d 1149, *writ denied*, 06-320 (La. 04/28/06), 927 So.2d 288. It is well-settled that factual findings by the WCJ are reviewed under the manifest error-clearly wrong standard. *Dean v. Southmark Constr.*, 03-1051 (La. 7/6/04), 879 So.2d 112.

> When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

We agree with Defendants that the fact that a drug is prescribed to claimant does not preclude it from consideration in determining whether the claimant was intoxicated at the time of the accident and that a claimant can be found to be intoxicated by a drug for which he or she has a valid prescription. *See Chelette v. Sec. Indus. Ins.*, 94-815 (La.App. 3 Cir. 12/7/94), 647 So.2d 469. The WCJ, in oral reasons for judgment, stated that the prescribed drug, Xanax, was not at issue. Stenson suffered from a pre-existing back condition and had been prescribed Xanax in connection with treatment of this condition. She reported that she had taken Xanax on the date of the accident when the sample was collected for the drug screen. The WCJ noted that the drug test was "negative" for Xanax because Stenson had a valid prescription for that drug. The MRO Analysis Form, under "Lab Results" and "Finding" relative to benzodiazepines, does indicate "neg." Defendants argue that the

WCJ should have considered whether it had provided sufficient evidence to prove that Stenson was intoxicated by Xanax rather than in simply concluding that Xanax was not at issue. We agree. However, we find that the WCJ's error of law in not considering intoxication by Xanax was not prejudicial to Defendants in this case and did not interdict the fact-finding process. This is so because the WCJ correctly applied the presumptions required, as discussed below, regarding claimant's having tested positive for marijuana use and because the expert testimony and other evidence presented did consider the use of Xanax. The WCJ determined that intoxication was not a contributing cause of this accident, and we cannot say that this conclusion was manifestly erroneous for the reasons that follow.

Louisiana Revised Statutes 23:1081 provides, in pertinent part, as follows:

(1) No compensation shall be allowed for an injury caused:

. . . .

   (b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours, or

   . . . .

(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.

   . . . .

(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.

(6) The foregoing provisions of this Section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether the employee was under the influence of alcoholic beverages or any illegal or controlled substance.

   . . . .

(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.

. . . .

(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.

Thus, there are two applicable presumptions in this case: the first is a presumption of intoxication based on the existence of valid drug screen showing that Stenson tested positive for marijuana, and the second is the presumption of causation under La.R.S. 23:1081(12). Since Defendants met the burden of proving that claimant was intoxicated at the time of the accident by means of the presumption of intoxication, the burden then shifted to Stenson to prove that the intoxication was not a contributing cause of the accident. Based on the testimony that Stenson had performed her job all morning without complaints from the customers or any other staff members and that she had smoked marijuana four days prior to the accident, not on the day of the accident, we cannot say that the WCJ was manifestly erroneous in finding that Stenson had overcome the presumption of intoxication. Furthermore, we agree with the WCJ that the accident was not of the nature that any intoxication was a contributing cause. Boxes of potatoes were left on the floor in front of the microwave in the "prep area" where Stenson and other employees were required to go in the course of their duties. No one testified that Stenson appeared intoxicated at the time of the accident. Thus, the WCJ's findings are supported by the record.

We now address Stenson's claim that the WCJ erred in not awarding her penalties and attorney fees. Louisiana Revised Statutes 23:1201 provides for the

imposition of penalties and attorney fees but states that they shall not be awarded if the claim is reasonably controverted. The WCJ's determination as to the imposition of penalties and the award of attorney fees is a factual determination that should not be disturbed on appeal absent manifest error. *Rivers v. Bo Ezernack Hauling Contractor, Inc.*, 09-991 (La.App. 3 Cir. 3/10/10), 32 So.3d 1091, *writ denied*, 10-807 (La. 6/4/10), 38 So.3d 309. Reliance on a positive drug screen can support a finding that the employer reasonably controverted the claim. *Savoy v. Cecil Perry Imp. Co.*, 96-889 (La.App. 3 Cir. 2/5/97), 691 So.2d 692 and *Barker v. Allen Canning Co.*, 95-252 (La.App. 3 Cir. 10/4/95), 663 So.2d 320, *writ denied*, 95-2688 (La. 1/12/96), 666 So.2d 323. We find no error in the WCJ's refusal to award penalties and attorney fees to Stenson.

Stenson also seeks attorney fees for work done on appeal. This court has recently recognized:

> As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. *Sharbono v. Steve Lang & Son Loggers*, 97-0110, p. 7 (La.7/1/97), 696 So.2d 1382, 1386. An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. *Id*. Awards of attorney fees in workers' compensation cases are essentially penal in nature, and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees. *J.E. Merit Constructors, Inc. v. Hickman*, 00-0943, p. 5 (La.1/17/01), 776 So.2d 435, 438; *Williams v. Rush Masonry, Inc.*, 98-2271, p. 8-9 (La.6/29/99), 737 So.2d 41, 46; S*harbono* at p. 7, 696 So.2d at 1386. Although the benefits in the Workers Compensation Act are to be liberally construed, penal statutes are to be strictly construed. *Williams* at p. 9, 737 So.2d at 46.

*Langley v. Petro Star Corp. of La.*, 01-198, pp. 3-4 (La. 6/29/01), 792 So.2d 721, 723.

> "When an award for attorney fees is granted at a lower court level, the recipient of those fees is entitled to additional fees for work done on appeal. This keeps the appellate judgment consistent with the underlying judgment." *McFadden v. Import One, Inc.*, 10-952, p. 16 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212,

5

1223 (*citing Brookshire Grocery Store v. Wilczewski*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La.4/13/09), 5 So.3d 170.)

*Robinson v. Calcasieu Parish Sch. Bd.*, 11-615, p. 4 (La.App. 3 Cir. 11/2/11), ___ So.3d ___, ___.

In this instance, the WCJ found that Defendants reasonably controverted Stenson's claim based upon the existence of a positive drug test, and we have upheld this finding on appeal. While Stenson's attorney has performed additional work on appeal and successfully defended the judgment in his client's favor, we are not authorized by any applicable statute or contract to award attorney fees, and attorney fees are not necessary in order to be consistent with the judgment below. *Id.* Accordingly, we must deny Stenson's request for attorney fees for work done on appeal.

## DECREE

For all of the foregoing reasons, the judgment of the WCJ is affirmed in its entirety. The parties are assessed their own costs for appeal.

**AFFIRMED.**